UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-636 JGB (SPx)** | Date | April 12, 2019 |
|---|---|---|---|
| Title | *Eric M. Murphy, et al. v. U.S. Bank National Association, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

|  MAYNOR GALVEZ  | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order DENYING Plaintiffs' Ex Parte Application for a Temporary Restraining Order (Dkt. No. 5)**

Before the Court is Plaintiffs Eric M. Murphy and Glenda C. Murphy's ex parte application for a temporary restraining order. ("Application," Dkt. No. 5.) After considering all papers filed in support of the Application, the Court DENIES Plaintiffs' Application without prejudice.

Plaintiffs filed their complaint and Application on April 11, 2019. ("Complaint," Dkt. No. 1; Application.) The Complaint alleges (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.; (2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.; (3) violation of Cal. Penal Code §§ 470(b) and 470(d); (4) cancellation of instruments; (5) fraud; (6) violations of 18 U.S.C. § 880; (7) violations of Cal. Penal Code § 530.5; (8) quiet title; (9) intentional infliction of emotional distress; and (10) negligent infliction of emotional distress. Plaintiffs allege that jurisdiction is proper in this Court under 28 U.S.C. §§ 1331, 1332, and 1343. It appears that Plaintiffs' claims arise from title disputes over the property located at 9965 McKinley Street, Rancho Cucamonga, CA 91730 ("Disputed Property"). Plaintiffs request that the Court issue an order restraining Defendants from "trespassing, invasion of privacy, libel, and transferring ownership of or further encumbering" the Disputed Property. (Application at 19.)

Plaintiffs have failed to comply with the service and notification requirements for emergency relief. Under Federal Rule of Civil Procedure 65(a)(1), the Court may issue an injunction "only on notice to the adverse party." The Court may only issue a temporary restraining order without notice to the adverse party if "(A) specific facts in an affidavit or a

verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).  Plaintiffs have not filed proof of service of the complaint or their motion for an injunction.  They also have not filed certification in writing of their efforts to give notice or why such notice should not be required.  It appears that a Trustee's Sale of the Disputed Property is currently scheduled for April 23, 2019 at 1:00 p.m.  ("March 7, 2019 Notice of Trustee's Sale," Application Exh. 9.)  Given that at the time of the filing of this Application more than twelve days remained before the scheduled Trustee's Sale, the Court sees no reason why Plaintiffs could not have attempted to properly serve Defendants.

Accordingly, the Court DENIES Plaintiffs' Application for a Temporary Restraining Order WITHOUT prejudice.

**IT IS SO ORDERED.**