UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-636 JGB (SPx)** | Date | April 23, 2019 |
| Title | *Eric M. Murphy, et al. v. U.S. Bank National Association, et al.* | | |

Present: The Honorable     JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     Order DENYING Plaintiffs' Ex Parte Application for a Temporary Restraining Order and Temporary and Permanent Injunctive Relief (Dkt. No. 23)  (IN CHAMBERS)

Before the Court is Plaintiffs Eric M. Murphy and Glenda C. Murphy's ex parte application for a temporary restraining order and temporary and permanent injunctive relief. ("Application," Dkt. No. 23.) After considering all papers filed in support of the Application, the Court DENIES Plaintiffs' Application.

## I.     BACKGROUND

Plaintiffs filed a complaint before this Court on April 11, 2019.  ("Complaint," Dkt. No. 1; Application.)  The Complaint alleges (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.; (2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.; (3) violation of Cal. Penal Code §§ 470(b) and 470(d); (4) cancellation of instruments; (5) fraud; (6) violations of 18 U.S.C. § 880;  (7) violations of Cal. Penal Code § 530.5; (8) quiet title; (9) intentional infliction of emotional distress; and (10) negligent infliction of emotional distress. Plaintiffs dispute the title and ownership of the real property located at 9965 McKinley Street, Rancho Cucamonga, California, 91730 ("Property") and allege that Defendants are threatening to unlawfully sell, assign, and/or transfer their ownership and security interest in the deed of trust executed on October 17, 1994 to secure a loan of $120,000. (Compl. ¶ 15.)

While the Complaint is at times difficult to decipher, the Court understands that Plaintiffs allege that two fraudulent deeds of trust on the Property have been executed without

their knowledge: (1) a deed of trust purporting to secure a loan of $20,000, recorded on January 18, 1996, naming Legend Financial Group, Inc. as the beneficiary and lender and First American Title Company as trustee and (2) a deed of trust purporting to secure a loan of $35,000, recorded on July 10, 1997, naming Harbor View Mortgage as beneficiary an d American Title Company as trustee. (Compl. ¶¶ 18-19.) They also claim that other fraudulent deeds of trust have been executed against their property, including a June 23, 2000 deed of trust purportedly securing a loan of $27,000, which Plaintiffs claim they "never received," and a March 14, 2002 deed of trust securing a loan of $197,500. (Id. ¶¶ 26-27.) Further fraudulent deeds of trust were allegedly executed on October 10, 2005, to secure a loan of $275,000, and on September 29, 2006, to secure a loan of $370,000. (Id. ¶¶ 38,42.) Plaintiffs make no allegations as to whether they were aware of or benefitted from these deeds of trust. Plaintiffs also contend that some deeds of trust on the Property were conveyed fraudulently or by invalid substitution of trustees and allege that they currently have a balance of $0 owed on the Property. (Id. ¶ 65.) Plaintiffs allege that jurisdiction is proper in this Court under 28 U.S.C. §§ 1331, 1332, and 1343. (Id. ¶¶ 1-3.)

On April 9, 2019, Plaintiffs filed an ex parte application for a temporary restraining order. (Dkt. No. 6.) The Court denied their application, without prejudice, on April 12, 2019. (Dkt. No. 12.) Plaintiffs filed the present application on April 19, 2019. (Dkt. No. 23.) They request that the Court issue a temporary restraining order and a preliminary and permanent injunction enjoining Defendants from "trespassing, invasion of privacy, libel, and transferring ownership of or further encumbering" the Property. (Application at 19.) In support of their Application, Plaintiffs submitted the following documents:

- Declaration of Glenda C. Murphy (Dkt. No. 23-3);
- Declaration of Eric C. Murphy (Dkt. No. 23-2);
- Declaration of Angela Swan (Dkt. No. 23-4);
- Declaration of Maneva Currie (Dkt. No. 23-4);
- October 17, 1994 quitclaim deed for the Property (Dkt. No. 23-1);
- October 17, 1994 deed of trust for the Property (Dkt. No. 23-1);
- November 25, 1997 assignment of deed of trust for the Property (Dkt. No. 23-1);
- March 3, 2000 substitution of trustee for the Property (Dkt. No. 23-1);
- September 5, 2003 grant deed for the Property (Dkt. No. 23-1);
- April 21, 2011 credit report for Glenda C. Murphy (Dkt. No. 23-1);
- October 21, 2005 substitution of trustee for the Property (Dkt. No. 23-1);
- October 2, 2006 grant deed for the Property (Dkt. No. 23-1);
- May 25, 2010 assignment of deed of trust for the Property (Dkt. No. 23-1);
- November 29, 2010 notice of default for and election to sell the Property under deed of trust (Dkt. No. 23-6);
- December 20, 2010 substitution of trustee for the property (Dkt. No. 23-6);
- April 29, 2011 notice of trustee's sale of the Property (Dkt. No. 23-6);
- January 8, 2018 substitution of trustee for the Property (Dkt. No. 23-6);
- May 1, 2018 notice of trustee's sale of the Property (Dkt. No. 23-6);

- December 5, 2018 notice of default and election to sell the Property under deed of trust (Dkt. No. 23-6);
- March 12, 2019 notice of trustee's sale of the Property (Dkt. No. 23-6).

Plaintiffs' Application is unopposed and no Defendant has entered an appearance in this matter.

## II. LEGAL STANDARD

A temporary restraining order may be issued upon a showing that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 61(b)(1)(A). The purpose of a TRO is to preserve the status quo and prevent irreparable harm until a hearing may be held on the propriety of a preliminary injunction. See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. Lockhead Missile & Space Co. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 690 (2008) (citations omitted). An injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d).

## III. DISCUSSION

**A. Notice**

Under Federal Rule of Civil Procedure 65(a)(1), the Court may issue an injunction "only on notice to the adverse party." A temporary restraining order may be issued without notice to the adverse party, but only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). The Court rejected Plaintiffs' prior application for a temporary restraining order on the grounds that they had failed to provide proof of service or certification, in writing, of their efforts to give notice to Defendants. With this Application, Plaintiffs have submitted the Declaration of Maneva Currie, which details Plaintiffs' efforts to contact Defendants. (Dkt. No. 23-4.)

On April 18, 2019, Plaintiffs spoke with attorney Jeremy T. Katz, whom they claim stated that he would represent Defendants Ocwen Loan Servicing, LLC, U.S. Bank, N.A., "and maybe more" Defendants in this matter. (Currie Decl. at 2.) While Katz informed Plaintiffs that he was

unable to accept their ex parte application, he would request from his clients a postponement of the foreclosure sale currently scheduled for April 23, 2019. (Id.) While Plaintiffs' counsel and her employee represented to Attorney Katz that they would email to him documents "to support her arguments on behalf of the Plaintiffs'," it is not clear from the record if they ever did.

  Plaintiffs' also made some limited efforts to contact other Defendants in this matter, though it appears that they were not particularly enterprising in these attempts. In several instances, it appears that Plaintiffs merely called Defendants' main customer service hotlines: in their attempt to contact Fidelity National Title Company, Plaintiffs spoke with an individual named "Peter C.," whose position at that company is not specified and who appears to be a customer service representative. (Id. at 3.) To contact Power Default Services, Inc., Ocwen Loan Servicing, LLC, and Western Progressive, LLC, Plaintiffs contacted a process server whom these Defendants apparently employ and spoke with an individual identified only as "Bethany," whom they claim "typ[ed] an email to send to all of the Defendants." (Id. at 4.) Bethany's position is not specified, nor is her specific relation to Defendants Power Default Services, Inc., Ocwen Loan Servicing, LLC or Western Progressive, LLC. (Id.) Finally, while Plaintiffs state that they attempted to call Mortgage Electronic Registration Systems, Inc., it appears that they called but were unable to speak with a representative of this company, which they claim provides a mailing address only. (Id. at 5.) Plaintiffs do not specify whether they subsequently mailed a copy of the Application. (Id.) None of the individuals with whom Plaintiffs spoke were able to advise Plaintiffs whether the Application would be opposed.

  Plaintiffs have given adequate notice to Defendants Ocwen Loan Servicing LLC and U.S. Bank, N.A. Fed. R. Civ. P. 65(a). However, the Court finds that they have not complied with the notice requirements with regards to Defendants Fidelity National Title Company, Mega Capital Fundings, Inc., Power Default Services, Inc., Mortgage Electronic Registration Systems, Inc., or Western Progressive, LLC. Simply speaking with a representative who answers a Defendant's general customer service hotline is not sufficient to meet the notice requirements of Rule 65(a). Trepany v. Deutsche Bank Nat'l Tr. Co., 2015 WL 12745796, at *3 (C.D. Cal. May 13, 2015). Clearly, speaking with a customer service representative of a company hired by Defendants as a process server is also inadequate.

  Plaintiffs have also failed to comply with Rule 65(b)'s requirements for issuance of a temporary restraining order without notice to the adverse party. While their attorney, Angela Swan, has certified in writnig any efforts made to give notice, she has not certified in writing why notice should not be required. In light of the fact that Plaintiffs retained Attorney Swan on April 13, 2019, six days prior to the filing of this Application and 10 days prior to the sale which they seek to enjoin, the Court can see no reason why Plaintiffs were unable to give Defendants adequate notice of this Application.

  Plaintiffs' failure to comply with Rule 65(b) alone is sufficient to deny Plaintiffs' Application as to all Defendants other than Ocwen Loan Servicing, LLC and U.S. Bank, N.A.. Morris v. SPSSM Inv. 8, LP, 2014 WL 12573963, at *1 (C.D. Cal. Mar. 18, 2014) (denying plaintiff's application for TRO for failing to demonstrate that she provided notice or to file an

affidavit stating the efforts she made to give notice or why it should not be required). Nevertheless, the Court will consider the merits of Plaintiffs' Application as well.

**B. Issuance of TRO**

In order to secure a temporary restraining order, Plaintiffs must show that they are likely to succeed on the merits, likely to suffer irreparable harm, and that the balance of equities and the public interest tip in their favor. Winter, 555 U.S. at 20.

### 1. Likelihood of Success on the Merits

Plaintiffs bear the burden of demonstrating that they are likely to succeed on the merits of their claim. Nevertheless, the brief submitted in support of their Application provides no argument whatsoever as to why they are likely to succeed on any of their claims. The only portion of their brief which addresses the merits of their claims is the introduction, which broadly summarizes the allegations of the Complaint. But none of the evidence cited in support of this brief summary of Plaintiffs' claims is sufficient to carry their burden of demonstrating a likelihood of success on the merits. While Plaintiffs have submitted significant documentation of the chain of title of the disputed Property, they present very little evidence of fraudulent or unlawful activity. The sole evidence submitted in support of this Application which directly supports Plaintiffs' claims is their own affidavits, which simply repeat the allegations of the Complaint in the form of a declaration. Notwithstanding the fact that Plaintiffs' brief fails to provide the Court with a pin cite to any portion of these declarations, such conclusory affidavits are far from sufficient to show a likelihood of success on the merits.

Because Plaintiffs have provided neither briefing nor citation to evidence supporting their likelihood of success on the merits of their claims, the Court will not address each of their causes of action individually. While the Court has reviewed the entirety Plaintiffs' submission, it will neither manufacture arguments for them nor comb through their lengthy submission in search of evidence supporting their claims. See Christian Legal Soc. v. Wu, 626 F.3d 483, 488 (9th Cir. 2010). The Court finds that Plaintiffs have failed to demonstrate a likelihood of success on the merits of their claims.

### 2. Likelihood Irreparable Harm

Plaintiffs argue that, if a TRO is not issued, their home may be sold at auction. It is well established that foreclosure on a home constitutes irreparable harm. See, e.g., Womandress 2016 WL 3660297, at *3 (C.D. Cal. July 8, 2016) (listing cases); Phleger v. Countrywide Home Loans, Inc., 2007 WL 4105672, at *6 (N.D. Cal. Nov. 16, 2007). Accordingly, the Court finds that irreparable harm will result to Plaintiffs if a TRO is not issued.

### 3. Balance of Equities & the Public Interest

Plaintiffs have not shown that either the balance of equities or the public interest weigh in their favor. The public interest in preventing improper foreclosures and in enforcing laws

designed to protect the public interest is high.  <u>Singh v. Bank of Am., N.A.</u>, 2013 WL 1759863, at *3 (E.D. Cal. Apr. 24, 2013); <u>Davis v. Wells Fargo, N.A.</u>, 2016 WL 7116681, at *19 (E.D. Cal. Dec. 6, 2016), <u>report and recommendation adopted sub nom.</u> <u>Davis v. Wells Fargo Bank, N.A.</u>, 2017 WL 729541 (E.D. Cal. Feb. 23, 2017).  However, Plaintiffs have not shown that the scheduled foreclosure would be wrongful.  The Court therefore cannot conclude that the delay of the scheduled sale weighs in the public interest.  Further, the near complete absence of evidence or specific factual allegations in Plaintiffs' Application has not convinced the Court that the balance of equities weighs in their favor.

In light of the above, the Court finds that the <u>Winter</u> factors do not weigh in favor of a temporary restraining order.  While Plaintiffs have shown that irreparable harm may result from the scheduled sale, they have not shown a likelihood of success on the merits or that the public interest or the balance of equities weighs in favor of the issuance of a temporary restraining order.  Accordingly, Plaintiffs' Application will be DENIED.  Because the standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction, the Court also DENIES Plaintiffs' application for a preliminary injunction.  <u>Lockhead Missile & Space Co.</u>, 887 F. Supp. at 1323 (N.D. Cal. 1995).  Similarly, because Plaintiffs have not made a clear showing that they are entitled to relief, Court DENIES their application for a permanent injunction.  See <u>Server Tech., Inc. v. Am. Power Conversion Corp.</u>, 2017 WL 2181101, at *3 (D. Nev. May 12, 2017) (citing <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (per curiam)).

### IV.   CONCLUSION

For the reasons above, the Court DENIES Plaintiffs' Application.

**IT IS SO ORDERED.**