**FIDELITY NATIONAL LAW GROUP**
**KEVIN R. BROERSMA** (SBN 252748)
Email:  Kevin.Broersma@fnf.com
4 Executive Circle, Suite 270
Irvine, California 92614
 Telephone:  (213) 438-7207
 Facsimile:   (213) 438-4417

Attorneys for Defendant
FIDELITY NATIONAL TITLE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC M. MURPHY, an individual; and GLENDA C. MURPHY, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1; FIDELITY NATIONAL TITLE COMPANY; MEGA CAPITAL FUNDING, INC.; POWER DEFAULT SERVIECS, INC.; OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WESTERN PROGRESSIVE, LLC, DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. CV19-00636-JGB(SPx) <br><br> **FIDELITY NATIONAL TITLE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER IN SUPPORT THEREOF** <br><br> **Hearing Date**:  June 10, 2019 <br> **Hearing Time**:  9:00 a.m. <br> **Courtroom**:     1 <br><br> **F.R.C.P. 12(b)(6)** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on June 10, 2019, at 9:00 a.m., or as soon

thereafter as counsel may be heard, in Department 1 of the above-entitled court

located 3470 12th St. Riverside, California 92501, Defendant Fidelity National Title

1

DOCUMENT PREPARED
ON RECYCLED PAPER

1    Company ("Fidelity") Motion to Dismiss  the Complaint of Plaintiff Lofton Ryan

2    Burris ("Plaintiff") will be heard.

3          This Motion is being brought under Section 12(b)(6) of the Federal Rules of

4    Civil Procedure, and is based upon the Notice, Memorandum of Points and

5    Authorities and argument of the parties.  Pursuant to Local Rule 7-3, Fidelity

6    attempted first to meet and confer with Plaintiffs on April 24, 2019, via email at the

7    email listed on Plaintiffs' caption.  I also followed that email up with a phone call.

8    To date, Plaintiffs have failed to make any contact with Counsel for Fidelity.

9

10   Dated:  April 29, 2019                    **FIDELITY NATIONAL LAW GROUP**

11

12                                      By:/s/ Kevin R. Broersma
                                            Kevin R. Broersma
13                                          Attorneys for Defendant
                                            FIDELITY NATIONAL TITLE
14                                          COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

**FIDELITY NATIONAL TITLE COMPANY'S MOTION TO DISMISS**

1
2

# TABLE OF CONTENTS

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

I.    INTRODUCTION ........................................................................1

II.   ARGUMENT .............................................................................2

    A.  PLAINTIFF'S ALLEGATIONS WITH RESPECT TO
       FIDELITY FAIL TO MEET MINIMUM PLEADING
       REQUIREMENTS ................................................................2

    B.  PLAINTIFF'S CLAIM FOR VIOLATION OF RICO AND
       RECEIVING PROCEEDS FROM EXTORTION MUST BE
       DISMISSED WITH PREJUDICE 3

    C.  PLAINTIFF'S CLAIMS BASED IN FRAUD AND DECEPTION
       MUST BE DISMISSED                4

    D.  PLAINTIFF'S CLAIMS FOR CANCELLATION OF
       INSTRUMENT MUST BE DISMISSED .............................................5

      i.  Plaintiff Fails to Allege Prejudice *Flowing from the
        Purported Violation* ................................................................6

    E.  PLAINTIFF'S CLAIM FOR INTENTIONAL AND
       NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ...............7

III.  CONCLUSION .........................................................................7

21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## CASES

*6 Angels Inc. v. Stuart-Wright Mortgage, Inc.,* 85 Cal.App.4th 1279 (2001)............5

*Balistreri v. Pacifica Police Department*, 901 F.2d 696 (9th Cir. 1990) .................2

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)............................................2

*Bastajan v.Brown, 57 Cal.App.2d 910 (1943)*............................................................5

*Brown v. Busch, 152 Cal.App.2d 200 (1957)* ..............................................................5

*Chaset v. Fleer/Skybox Intern., LP,* 300, F.3d 1083 (9th Cir. 2002) .......................3

*Conley v. Gibson*, 335 U.S. 41 (1957)........................................................................2

*Edwards v. Marin Park, Inc.,* 356 F.3d 1058 (9th Cir. 2004) .................................3

*Gomez v. Wachovia Mortg. Corp.*, 2010 (N.D.Cal., 2010) .....................................5

*Grimmett v. Brown,* 75 F.3d 506 (9th Cir. 1996) .....................................................3

*Homestead Sav. v. Darmiento*, 230 Cal.App.3d 424 (1991) ....................................5

*Jercich v. County of Merced,* W.L. 3747184 (E.D.Cal., 2006)................................4

*Knapp v. Doherty*, 123 Cal.App.4th 76 (2004) ........................................................6

*Kroeker v. Hurlbert,* 38 Cal.App.2d 261 (1940) ......................................................5

*Lazar v. Sup.Ct. (Rykoff–Sexton, Inc.)*, 12 C4th 631 (1996) ...................................4

*Lopez v. Southern Cal. Rapid Trans. Dist.* 40 Cal.3d 780 (1985)...........................5

*Melendrez v. D & I Inv.,* 127 Cal.App. 4th 1238 (2005)...........................................5

*Moeller v. Lien*, 25 Cal.App.4th 822 (1994) ............................................................5

*Odom v. Microsoft Corp.,* 486 F.3d 541(9th Cir. 2007)...........................................3

*Service By Medallion, Inc. v. Clorox Co.*, 44 CA4th 1807 (1996)...........................4

*Wilhelm v. Pray, Price, Williams & Russell*, 186 CA3d 1324 (1986) .....................4

*Williams v. WMX Technologies, Inc.* 112 F.3d 175 (1997)  ....................................4

DOCUMENT PREPARED
ON RECYCLED PAPER

**FIDELITY NATIONAL TITLE COMPANY'S MOTION TO DISMISS**

1

## <u>TABLE OF AUTHORITIES (Cont.)</u>

2

### STATUTES

3
Cal. Civ. Code, § 2924................................................................................5, 6

4
Cal. Civ. Code, § 2924i .................................................................................5

5
Cal. Civ. Code, § 2924a(1) ...........................................................................6

6
Cal. Civ. Code, § 2924a(4) ...........................................................................6

7
Fed. R. Civ. P. 8(a)(2)...................................................................................2

8
Fed. R. Civ. P. 12(b)(6) ................................................................................2

9
Wright & Miller, FED. PRAC. & PROC., § 1202 at 94-95 (3rd Ed. 2004) .............2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

**FIDELITY NATIONAL TITLE COMPANY'S MOTION TO DISMISS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiffs ("Plaintiff") Eric M. Murphy and Glenda C. Murphy have filed an incomprehensible, disjointed, and copy-pasted complaint that fails to state any sufficient facts to support claims against any of the defendants, but especially inadequate as it pertains to Fidelity National Title Company ("Fidelity"). Aside from the initial mention of Fidelity as a defendant to the action, Plaintiff fails to mention Fidelity in any substantive allegations in the complaint. Plaintiff fails to allege Fidelity's role in the transaction, nor does Plaintiff allege any act on the part of Fidelity that would support any of the claims. Fidelity's only role seems to be the fact that it was a substituted trustee on a deed of trust from December 20, 2010, until April of 2011, when plaintiff alleges a new trustee was substituted. **(Compl., ¶¶56-57)** During the time in which Fidelity was the trustee, it allegedly executed, what Plaintiff calls, a fraudulent notice of trustee's sale, which was apparently rescinded when Plaintiff was approved for a loan modification.

At this point in Plaintiff's complaint, Fidelity's role ends. Aside from the fact that Fidelity's action, if any, took place nearly eight years ago, Plaintiff fails to allege any conduct to support the claims in the complaint. In conclusory fashion, Plaintiff alleges that the several defendants engaged in a conspiracy to conduct a wrongful foreclosure against the Plaintiff. Plaintiff fails to allege exactly how the foreclosure was insidious or wrongful, except to allege that documents were forged, and the loan was evidenced by "ghost notes." Nowhere does Plaintiff explain what this means, nor does Plaintiff allege any substantive wrongful conduct supported by facts. Plaintiff fails to mention Fidelity anywhere in the complaint, and because of these deficiencies, Fidelity cannot determine the nature of the allegations against it.

**FIDELITY NATIONAL TITLE COMPANY'S MOTION TO DISMISS**

Document Prepared
on Recycled Paper

For these reasons, Fidelity's motion to dismiss should be granted and the complaint should be dismissed with prejudice.

## II.   ARGUMENT

### A.   PLAINTIFF'S ALLEGATIONS WITH RESPECT TO FIDELITY FAIL TO MEET MINIMUM PLEADING REQUIREMENTS

It is well established that a complaint may be dismissed when it appears that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief.  (*Conley v. Gibson*, 335 U.S. 41, 45-46 (1957))  Even though a "short and plain statement" of the claim must be alleged, a complaint may be dismissed as a matter of law under Fed. R. Civ. P. 12(b)(6) for (a) lack of cognizable legal theory or (b) insufficient facts under a cognizable legal claim. (Fed. R. Civ. P. 8(a)(2);  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990))  In terms of the latter, "factual allegations must be enough to raise a right of relief above the speculative level," and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" must be alleged.  (*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (internal citations omitted))   Perhaps the most basic function of a complaint is to give the defendant "not only fair notice of the nature of the claim, but also the grounds upon which it rests."  (*Twombly,* 550 U.S. at 556 n. 3 (2007) (citing Wright & Miller, FED. PRAC. & PROC., § 1202 at 94-95 (3rd Ed. 2004))

Initially, all of the complaint's causes of action fail to meet the *Twombly* standard for pleading a claim for relief.  Each cause of action groups together all the defendants, and makes broad, generic allegations of wrongdoing against this entire group.   Given the breadth of the complaint's allegations, the several separate causes of action, and the complexity of the required responses.

Plaintiff's complaint does not meet the *Twombly* standard for a well-pleaded complaint and should be dismissed without this Court or defendants having to guess

DOCUMENT PREPARED ON RECYCLED PAPER

as to possible underlying legal arguments.  Even if the court finds, which it should not, that any of Plaintiff's causes of action meet the *Twombly* standard, each claim still fails as a matter of law.

### B. PLAINTIFF'S CLAIM FOR VIOLATION OF RICO AND RECEIVING PROCEEDS FROM EXTORTION MUST BE DISMISSED WITH PREJUDICE

RICO claims are subject to the same heightened pleading requirements as a fraud claim.  (*Odom v. Microsoft Corp.,* 486 F.3d 541, 553 (9th Cir. 2007))  The plaintiff must allege the elements of a RICO claim with the requisite particularity, including time, place, parties, and specific content of the conduct allegedly violating the statute. (*Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir. 2004))  The elements of a RICO claim that must meet the above requirements are as follows: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activities, (5) causing injury to plaintiff's business or property.  (*Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir. 1996))  The injury element requires that the plaintiff allege injury that was proximately caused by the alleged conduct, and that plaintiff suffered a concrete financial loss.  (*Chaset v. Fleer/Skybox Intern., LP,* 300, F.3d 1083, 1086 (9th Cir. 2002))  In light of the above standard, Plaintiff's allegations are, again, insufficient and fail to meet heightened pleading requirements.

With regard to Fidelity, Plaintiff fails to allege any act on the part of Fidelity that could possibly rise to RICO liability, and again, Plaintiff fails to meet the heightened pleading requirement under such claims.  Fidelity's only role seems to be as a substituted trustee nearly eight years ago, and the only alleged act it committed, according to Plaintiff, was to record a notice of trustee's sale, which was rescinded upon a loan modification offer to Plaintiff.  For these reasons, Fidelity is unable to defend itself because the allegations are woefully inadequate and the claim should be dismissed with prejudice.

DOCUMENT PREPARED
ON RECYCLED PAPER

## C.    PLAINTIFF'S CLAIMS BASED IN FRAUD AND DECEPTION MUST BE DISMISSED

The Plaintiff has several claims that fail for the same reason; namely that she failed to meet heightened pleading requirements.  To successfully plead fraud, Plaintiff must show a (1) false representation, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance, and (5) damages.  (*Jercich v. County of Merced*, W.L. 3747184 (E.D.Cal., 2006)  Rule 9(b) provides that "[i]n alleging fraud … a party must state with particularity the circumstances constituting fraud …."  This provision has been interpreted to require the pleading of specific allegations of what, how, where, by whom, to whom, and by what means the alleged representations or concealments were made.  (*Williams v. WMX Technologies, Inc.* 112 F.3d 175, 178 (1997))

Every element of the cause of action for fraud must be alleged in full, factually and specifically. The policy of liberal construction of pleading will *not* be invoked to sustain a pleading defective in any material respect. (*Wilhelm v. Pray, Price, Williams & Russell*, 186 CA3d 1324, 1332 (1986))  The particularity requirement necessitates pleading *facts* that "show *how, when, where, to whom, and by what means* the representations were tendered." (*Lazar v. Sup.Ct. (Rykoff–Sexton, Inc.)*, 12 C4th 631, 645 (1996))  Plaintiff must also specially plead the "detriment proximately caused" by defendant's tortious conduct.  This requires factual allegations of both the injury or damage suffered and its causal connection with plaintiff's reliance on defendant's representations. (*Service By Medallion, Inc. v. Clorox Co.*, 44 CA4th 1807, 1818 (1996))

The Plaintiff's claim for fraud is supported by inadequate allegations related to the consummation and foreclosure of the loan, which concern acts for which Fidelity took no part.  More importantly, however, other than alleging a forged notice of default, Plaintiff fails to allege any conduct to support such a claim.  Plaintiff improperly lumps all the defendants together, but fails to appreciate that each named defendant carries different capacities in the real estate transactions world.  The lender,

DOCUMENT PREPARED
ON RECYCLED PAPER

1   trustee, broker, title insurer, escrow and other parties all carried out completely
2   different, and only sometimes overlapping, functions which cannot be lumped into
3   one allegation.  The Plaintiff fails to put any of the defendants in this action on notice
4   as to what conduct could possibly be interpreted as fraudulent.  Because of these
5   defects, Plaintiff's claims must be dismissed with prejudice.

6
7          **D.     PLAINTIFF'S CLAIM FOR CANCELLATION OF
                     INSTRUMENT MUST BE DISMISSED**
8          To state a cause of action for cancellation or recession based upon wrongful
9   foreclosure, the complaint must "state a case within the code sections for which
10  reason it is essential to allege the facts affecting the validity and invalidity of the
11  instrument which is attacked." (*Kroeker v. Hurlbert*, 38 Cal.App.2d 261, 266
12  (1940))  Further, a cause of action for set aside requires that the Plaintiff first tender
13  the amount due. (*Bastajan v. Brown*, 57 Cal.App.2d 910, 916 (1943))  "A non-
14  judicial foreclosure sale is accompanied by a common law presumption that it 'was
15  conducted regularly and fairly.  (*Melendrez v. D & I Inv.*, 127 Cal.App.4th 1238,
16  1258 (2005); citing *Brown v. Busch*, 152 Cal.App.2d 200, 204 (1957); see *also Knapp
17  v. Doherty*, 123 Cal.App.4th 76, 86 fn. 4 (2004))  The presumption can only be
18  rebutted by substantial evidence of prejudicial procedural irregularity.  (*6 Angels,
19  Inc. v. Stuart-Wright Mortgage, Inc*., 85 Cal.App.4th 1279, 1284 (2001))  Finally,
20  allegations of statutory violations must be alleged with particularity. (*Gomez v.
21  Wachovia Mortg. Corp*., 2010 WL 291817 (N.D.Cal., 2010) (quoting *Lopez v.
22  Southern Cal. Rapid Trans. Dist.* 40 Cal.3d 780, 795(1985))
23         The legal framework governing non-judicial foreclosures is found in
24  California Civil Code §§ 2924 through 2924i, which is the "comprehensive
25  statutory framework established to govern non-judicial foreclosure sales" and "is
26  intended to be exhaustive." (*Moeller v. Lien*, 25 Cal.App.4th 822, 834 (1994); see
27  also *Homestead Sav. v. Darmiento*, 230 Cal.App.3d 424, 432-433 (1991))  That
28  statutory scheme specifically provides that the foreclosure process may be

conducted by the "trustee, mortgagee or beneficiary or any of their authorized agents." (Cal. Civ. Code, § 2924a(1))  A person authorized to record the notice of default or the notice of sale includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." (Cal. Civ. Code, § 2924b(4))

Other than the general allegations, Plaintiff fails to list this claim in the complaint as well.  Plaintiff has failed to rebut the presumption of a valid foreclosure sale because they he failed to allege *any* potential violation within the scope of *Civ. Code* § 2924, which is comprehensive in nature.  Plaintiff's conspiracy theories related to the origination of the loan are not sufficient to allege a claim for set aside.  Furthermore, Fidelity has no relevance in a cause of action for set aside, as the Plaintiff fails to allege any action on the part of Fidelity to support the complaint's allegations.  According to Plaintiff, Fidelity was no longer involved as trustee at the time of the foreclosure.

### i.      Plaintiff Fails to Allege Prejudice *Flowing from the Purported Violation*

In *Knapp v. Doherty,* 123 Cal. App. 4th 76, 94 (2004), the court held that the trustee sale could not be invalidated where there were slight procedural irregularities, where the borrowers had notice of the sale, and where the procedural irregularities did not cause prejudice to Borrowers.  The prejudice cannot be the sale itself.  It must be that the sale or other damages resulted from the technical irregularity alleged.

Not only does the Plaintiff fail to allege any irregularities with the sale, but he fails to allege any prejudice flowing from the foreclosure process itself.  Even documents attached to the complaint show that Plaintiffs were offered a modification of their loan, which the defaulted on.  Plaintiffs have no claim for set aside and have failed to allege that Fidelity is in any way relevant to a claim.  Therefore, this claim should be dismissed with prejudice.

DOCUMENT PREPARED
ON RECYCLED PAPER

**FIDELITY NATIONAL TITLE COMPANY'S MOTION TO DISMISS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

E.    **PLAINTIFF'S CLAIM FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

In order to properly allege a claim for IIED, a plaintiff must allege, (1) extreme and outrageous conduct by the defendant, (2) with the intention of causing, or reckless disregard of probability of causing, emotional distress, (3) plaintiff's suffering severe or extreme emotional distress, and (4) actual and proximate causation of emotional distress by the defendant's conduct.  For negligent infliction of emotional distress, the elements are the same, however, with the element of intent not required.  In either case, Plaintiff fails to allege the elements of such a claim with regard to Fidelity.

In this case, Plaintiff fails to allege *any* act on the part of Fidelity, let alone an act that is extreme and outrageous.  Plaintiff's causes of action are based upon claims that the lender should not have consummated the loan in question, but Plaintiff fails to mention Fidelity in this respect.  Fidelity was merely the trustee on the deed of trust in question.  Plaintiff fails to allege any damages resulting from the alleged conduct that were attributable to Fidelity.  Therefore, Plaintiff cannot sufficiently allege intent.  Plaintiff's IIED and NIED claims must be dismissed with prejudice.

III.    **CONCLUSION**

For the foregoing reasons, Fidelity would respectfully request that its motion to dismiss be GRANTED without leave to amend.

Dated:  April 29, 2019                    **FIDELITY NATIONAL LAW GROUP**

By:/s/ Kevin R. Broersma
Kevin R. Broersma
Attorneys for Defendant
FIDELITY NATIONAL TITLE
COMPANY

Document Prepared
on Recycled Paper

**FIDELITY NATIONAL TITLE COMPANY'S MOTION TO DISMISS**

1

2

## **CERTIFICATE OF SERVICE**

3

4          I am employed in the County of Orange, State of California.  I am over the age
of eighteen years and not a party to the within entitled action; my business address is
4 Executive Cir., Suite 270, Irvine, CA 92614.

5

6     On April 29, 2019, I served the foregoing document(s) described as:   **FIDELITY
NATIONAL TITLE COMPANY'S NOTICE OF MOTION AND MOTION
TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES; [PROPOSED] ORDER IN SUPPORT THEREOF**

7

8

9     on the interested parties in said action:

10    [X]     By placing [   ] the original [XX] a true copy thereof enclosed in a sealed
envelope addressed as follows:

11

12                  Eric M. Murphy
Glenda C. Murphy
9965 McKinley Street
Rancho Cucamonga, CA 91730

13

14

15    [X]     (BY MAIL)  I deposited such envelope in an internal collection basket.  The
envelope was mailed with postage thereon fully prepaid from Los Angeles,
California.  I am readily familiar with the firm's practice of collection and
processing correspondence for mailing.  It is deposited with the U.S. Postal
Service on that same day in the ordinary course of business.  I am aware that
on motion of party served, service is presumed invalid if a postal cancellation
date or postage meter date is more than one day after date of deposit for
mailing in affidavit.

16

17

18

19

20    [X]     (ELECTRONICALLY)  I electronically filed such document via the United
States District Court's authorized website.  The transmission was reported as
complete and without error and the transmission report is on file.

21

22

23          I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct.

24

         Executed this 29th day of April, 2019 in Irvine, CA.

25

26                                                      /s/ Kevin Broersma

27

28

Document Prepared
on Recycled Paper

**FIDELITY NATIONAL TITLE COMPANY'S MOTION TO DISMISS**