UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **EDCV 19-636 JGB (SPx)**          Date   July 12, 2019

Title   *Eric M. Murphy, et al. v. U.S. Bank National Association, et al.*

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

|MAYNOR GALVEZ|Not Reported|
|---|---|
|Deputy Clerk|Court Reporter|

Attorney(s) Present for Plaintiff(s):        Attorney(s) Present for Defendant(s):

None Present                                  None Present

**Proceedings:**   **Order (1) GRANTING IN PART Defendants U.S. Bank National Association, Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., Western Progressive, LLC, and Power Default Services, Inc.'s Motion to Dismiss (Dkt. No. 46) and (2) DENYING Plaintiffs' Various Requests for Relief (Dkt. Nos. 58, 59, 60) (IN CHAMBERS)**

     Before the Court is Defendants U.S. Bank National Association ("US Bank"), Ocwen Loan Servicing, LLC ("Ocwen"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Western Progressive, LLC ("Western Progressive"), and Power Default Services, Inc.'s ("Power Default") (collectively, "Moving Defendants") Motion to Dismiss. ("Motion," Dkt. No. 46.) On July 5, 2019, the Court determined this matter to be appropriate for resolution without a hearing and vacated the July 8, 2019 hearing. (Dkt. No. 63.) See Fed. R. Civ. P. 78; L.R. 7-15. After considering the briefs filed in support of, and in opposition to, the Motion, the Court GRANTS IN PART Defendants' Motion and DISMISSES the Complaint. Plaintiffs various requests for relief will be DENIED.

     Plaintiffs Eric M. Murphy and Glenda C. Murphy initiated this action on April 9, 2019. ("Complaint," Dkt. No. 1.) The Complaint alleges claims for (1) violations of the California Homeowner Bill of Rights ("HBOR"), Cal. Civ. Code § 2924; (2) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.; (3) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962 et seq.; (4) violations of Cal. Penal Code § 470(b) and (d); (5) cancellation of instruments; (6) fraud; (7) receiving the proceeds of extortion, in violation of 18 U.S.C. § 880; (8) identity theft, in violation of Cal. Penal

Code § 530.5; (9) quiet title; (10) intentional infliction of emotional distress; and (11) negligent infliction of emotional distress.  (Compl.)

Moving Defendants filed this Motion on June 10, 2019, which seeks the dismissal of all claims against them.  (Dkt. No. 46.)  On June 17th, 18th, 19th, and 20th, 2019, Plaintiffs, who are proceeding in pro per, filed a number of documents with the Court.  (Dkt. Nos. 58, 59, 60, 61.)  These filings are extremely difficult for the Court to decipher and largely consist of hundreds of pages of personal financial records and correspondence interspersed with hand-written notes.  While these documents were filed after the Motion, Plaintiffs do not discuss or respond to the contents of that Motion and it is unclear whether these documents are intended to serve as an opposition to the Motion at all.  Even adopting a liberal standard in light of Plaintiff's pro per status, Court finds no basis to construe these documents as an opposition. Under Local Rule 7-9, a party must file opposition papers no later than 21 days before the date designated for the hearing of a motion.  Under Local Rule 7-12, failure to file any required document may be deemed consent to the granting or denial of the motion.  Because Plaintiffs failed to timely oppose the Motion, the Court finds that they have consented to the granting of the Motion.

Plaintiffs also requested various forms of relief in their filings, though these are also quite difficult for the Court to decipher.   These include requests for an extension of time to file (though Plaintiffs do not specify what deadline they would like extended); for relief from judgment; for a new trial order; for a judgment of fraud upon the court; for an appeal; and to strike (though Plaintiffs do not specify what they would like the Court to strike).  Plaintiffs also argue that their former attorney, Angela Swan, did not provide adequate representation.  Plaintiffs do not provide an adequate basis for any of these requests and they will therefore be DENIED.

Plaintiffs state in their filings that they are finding it difficult to represent themselves properly and to meet this Court's filing deadlines.  Based on their recent submissions, it is clear that they are having difficulty effectively representing themselves in this matter.  The Court notes that the Joint Federal Pro Se Clinic is available to provide assistance to individuals who are representing themselves in federal civil actions. The Joint Clinic is open on Tuesdays and Thursdays from 10:am to 2:00pm in the George E. Brown Federal Building, located at 420 Twelfth Street, Room 125, Riverside, CA 92501.  Plaintiffs may consider making use of this resource if they choose to file an amended complaint.

The Court GRANTS Moving Defendants' motion and DISMISSES all claims against them WITH leave to amend.  If Plaintiffs wish to file an amended complaint, they must do so no later than **August 19, 2019**. Failure to file an amended complaint by that date will result in dismissal of the action.

**IT IS SO ORDERED.**