# CHASE ◯

*Double Pay* (handwritten)

*June 14-2015* (handwritten)

May 27, 2015 through June 23, 2015
Primary Account: 000000896266327

*Promeracel* (handwritten)
*Ccwer* (handwritten)
*7140257960 - murph* (handwritten)
*Gwi* (handwritten)

## TRANSACTION DETAIL (continued)

| DATE | DESCRIPTION | | AMOUNT | BALANCE |
|------|-------------|--|--------|---------|
| 05/28 | Card Purchase 1066 | 05/26 China One Restaurant IN Fontana CA Card | - 8.14 | 867.87 |
| 05/28 | Card Purchase 1066 | 05/27 Pip Printing No 723 Rancho Cucamo CA Card | - 19.83 | 848.04 |
| 05/28 | Card Purchase 1066 | 05/27 Carl's Jr 1100200 Rancho Cucamo CA Card | - 6.67 | 841.37 |
| 05/28 | Card Purchase With Pin 05/27 USA Gasoline #68 Fontana CA Card 1066 | | - 30.01 | 811.36 |
| 05/28 | Card Purchase With Pin 05/28 Ralphs 7243 Haven Av Rancho Cucamo CA Card 1066 | | - 25.00 | 786.36 |
| 05/28 | ATM Withdrawal 05/28 9700 19th St Rancho Cucamo CA Card 1066 | | - 300.00 | 486.36 |
| 05/29 | Online Transfer From Chk ...3580 Transaction#: 4659874396 | | 45.00 | 531.36 |
| 05/29 | Card Purchase 1066 | 05/27 Fedexoffice 000520 Rancho Cucamo CA Card | - 69.60 | 461.76 |
| 05/29 | Card Purchase With Pin 05/29 Sanbernarcorecc San Bernardin CA Card 1066 | | - 97.50 | 364.26 |
| 05/29 | ATM Withdrawal 05/29 31 W Foothill Blvd Upland CA Card 1066 | | - 340.00 | 24.26 |
| 06/01 | Card Purchase 1066 | 05/29 Pip Printing No 723 Rancho Cucamo CA Card | - 5.96 | 18.30 |
| 06/01 | Card Purchase 1066 | 05/30 Protein For Pets Ran Rancho Cucamo CA Card | - 18.00 | 0.30 |
| 06/03 | Cbp Transfer From Checking 0533 | | 250.00 | 250.30 |
| 06/03 | 06/03 Withdrawal | | - 60.00 | 190.30 |
| 06/04 | Chase Quickpay Electronic Transfer 4647223288 From Julio C Liberal | | 1,425.00 | 1,615.30 |
| 06/04 | Card Purchase 1066 | 06/03 Pip Printing No 723 Rancho Cucamo CA Card | - 8.94 | 1,606.36 |
| 06/04 | Card Purchase 1066 | 06/03 San Bern Sup CT Civi San Bernardin CA Card | - 19.49 | 1,586.87 |
| 06/04 | 06/03 Online Payment 4671355695 To Charter Communications | | - 158.00 | 1,428.87 |
| 06/04 | 06/04 Online Payment 4672992551 To J.M.Pool Service | | - 100.00 | 1,328.87 |
| 06/04 | 06/04 Online Payment 4673009279 To Ocwen Loan Servicing LLC | | - 1,008.00 | 320.87 |
| 06/04 | Card Purchase With Pin 06/04 99 Cents Only S 1084 Rancho Cucamo CA Card 1066 | | - 60.04 | 260.83 |
| 06/05 | Deposit 1505120120 | | 1,875.00 | 2,135.83 |
| 06/05 | Card Purchase 1066 | 06/03 Mcdonald's M4242 of Rch Cucamonga CA Card | - 2.61 | 2,133.22 |
| 06/05 | Card Purchase 1066 | 06/04 Pip Printing No 723 Rancho Cucamo CA Card | - 68.04 | 2,065.18 |
| 06/05 | Card Purchase 1066 | 06/04 Pip Printing No 723 Rancho Cucamo CA Card | - 9.07 | 2,056.11 |
| 06/05 | 06/05 Cbp Transfer To Checking 0533 | | - 35.00 | 2,021.11 |
| 06/05 | Card Purchase With Pin 06/05 Usps 0563160830/1095 Rancho Cucamo CA Card 1066 | | - 87.50 | 1,933.61 |
| 06/05 | ATM Withdrawal 06/05 8108 Milliken Ave Rancho Cucamo CA Card 1066 | | - 100.00 | 1,833.61 |
| 6/08 | Deposit 645649452 | | 1,119.61 | 2,953.22 |
| 06/08 | Card Purchase 1066 | 06/06 Charter Communication 888-438-2427 CA Card | - 124.00 | 2,829.22 |
| 06/08 | Card Purchase 1066 | 06/06 Kfc E791 037 D Fontana CA Card 1066 | - 9.11 | 2,820.11 |

*340* (handwritten)
*125* (handwritten)
*X* (handwritten, circled)

# CHASE ⬡

*May 20.5*

## Pay Bills

☒ You've successfully scheduled this payment.

| Payee | Pay From | Send On | Deliver By | Amount | Status Transaction No. |
|---|---|---|---|---|---|
| homeward-ahmsi ocwen loan servicing llc...7960 | BUSINESS CLASSIC (...6043) | 5/19/2015 | 5/20/2015 | $1,008.00 | Funded 4640161417 |
|  |  |  | Total: | $1,008.00 |  |

JPMorgan Chase Bank, N.A. Member FDIC
Equal Opportunity Lender

*341*
*Date*
*12*

**CHASE** ⬡

*april 15*

## Payee/Recipient Activity

**hmward bound**

ocwen loan servicing llc
See details | Delete payee

*See attacht proof*

Schedule a payment
Set up repeating payment

*June 12, 2015  pd 1008.00 w- premer plus*

🔍 Search for transaction

| Send On Deliver By ▾ | Status | Amount | Paid With | Pay From |
|---|---|---|---|---|
| 06/04/2015 06/05/2015 | Paid | $1,008.00 | Bill Pay | CHASE PREMIER ( ..6327) |
| 04/06/2015 04/07/2015 | Paid | $1,008.00 | Bill Pay | CHASE PREMIER ( ..6327) ✗ |
| 03/02/2015 03/04/2015 | Paid | $1,008.00 | Bill Pay | BUSINESS CLASSIC (...6043) |

*June* (left margin, row 1)
*april* (left margin, row 2)
*Mar* (left margin, row 3)

JPMorgan Chase Bank, N.A. Member FDIC
Equal Opportunity Lender

Chase — Payee/Recipient Activity

# CHASE 

## Payee/Recipient Activity

**hmward bound**

ocwen loan servicing llc
See details | Delete payee

Schedule a payment
Set up repeating payment

Return for transaction

| Send On Deliver By | Status | Amount | Paid With | Pay From |
|---|---|---|---|---|
| **#4** 03/29/2016 03/30/2016 | Paid | $1,001.00 | Bill Pay | CHASE PREMIER (...6327) |
| 06/04/2015 06/05/2015 | Paid | $1,008.00 | Bill Pay | CHASE PREMIER (...6327) |
| 04/06/2015 04/07/2015 | Paid | $1,008.00 | Bill Pay | CHASE PREMIER (...6327) |

JPMorgan Chase Bank, N.A. Member FDIC
Equal Opportunity Lender

*Handwritten notes:*

1-19-16 pd 1001 bus

2-16-16 pd 1001.00 bus acct

3-7-16 pd 1005 prem

3-29-16 pd 1001 prem acct

#4 — May 12, 2016 — CCK# 140 8516973

May 30 2016 - HK 7144 02 60 ocwen reciept

2016 June 29 1022. bus.

July — payment went to SPS 2900
600
400

All delinquent
must be pd 1 loan sum

During Late
(99 days) Late
must pay 343
all delinquent
126



## Payee/Recipient Activity

**hmward bound**

ocwen loan servicing llc
See details | Delete payee

Schedule a payment
Set up repeating payment

◇ Search for transaction

| Send On Deliver By ▾ | Status | Amount | Paid With | Pay From |
|---|---|---|---|---|
| 06/04/2015 06/05/2015 | Paid | $1,008.00 | Bill Pay | CHASE PREMIER (...6327) |
| 04/06/2015 04/07/2015 | Paid | $1,008.00 | Bill Pay | CHASE PREMIER (...6327) |
| 03/02/2015 03/04/2015 | Paid | $1,008.00 | Bill Pay | BUSINESS CLASSIC (...6043) |

JPMorgan Chase Bank, N.A. Member FDIC
Equal Opportunity Lender

*March 15*

344

127

**CHASE**

| Send On | Deliver By | Status | Payee | Amount |
|---------|-----------|--------|-------|--------|
| 02/06/2015 | 02/09/2015 | Funded | ocwen | $1,008.00 |

**Status:** Funds for this payment have been withdrawn from your available balance, which has been updated to reflect the payment.

**Paid from:** CHASE PREMIER (...6327)

**Amount:** ...

**Submitted by:** GLENDA C MURPHY 02/06/2015

**Updated by:** GLENDA C MURPHY 02/06/2015

**Transaction number:** 4433250H61

OCWEN
Feb 6 2015

345

128   16

Case 5:19-cv-00636-JGB-SP   Document 67-6   Filed 08/20/19   Page 7 of 50   Page ID #:1531

*January 2015*

**CHASE �‹›**

December 24, 2014 through January 27, 2015
Primary Account: 000000896266327

## TRANSACTION DETAIL *(continued)*

| DATE | DESCRIPTION | AMOUNT | BALANCE |
|------|-------------|--------|---------|
| 01/05 | 01/05 Online Transfer To Chk ...2981 Transaction#: 4369658905 | | |
| 01/08 | 01/08 Online Transfer To Chk ...6327 Transaction#: 4374797017 | - 1,000.00 | 105.85 |
| 01/12 | Card Purchase W/Cash   01/10 Staterbros095 Fontana CA Card 4737 Purchase $2.38 Cash Back $30.00 | - 50.00 | 55.85 |
| 01/20 | Deposit   701370637 | - 32.38 | 23.47 |
| 01/20 | 01/20 Online Payment 4397482069 To Ocwen Loan Servicing LLC | 1,089.00 | 1,112.47 |
| 01/21 | Card Purchase W/Cash   01/21 Dollartree 1387 E Foot Upland CA Card 4737 Purchase $8.56 Cash Back $20.00 | - 1,008.00 | 104.47 |
| 01/22 | Card Purchase   01/21 Red Hill Gas Rancho Cucamo CA Card 4737 | - 28.56 | 75.91 |
| | **Ending Balance** | - 30.00 | 45.91 |
| | | | **$45.91** |

346

129   17

18 3/15 2015 NOD

Owen
NOD
2015

12

11

10 -6-15

9 -14-15 NOD went 3418.23
9 -2 -15 NOD want 3615.12 plus 850.88
8 -24-15 threat force to pay

7 -14-15 NOD fc went 3448.55

6-22-15 threat Notice past due
6  5.27-15 - Notice in Rem / forclosure
5  5-12-15 Notice on f/c

4-24-15 - NOD went 2251.66

4-1-15 threaths past due 2251.66
3-31-15 NOD went 2181.59
note under Chter 7 protection Desch 3-15-10
3  1-27-15 NOD went 2034.92

2  1-7-15 - In Rem forclosure want 3004.29

1  1-6-15 NOD want 3004.19

347





false Request

threats for payment

1 check

12 ⌐

11

10

9 -2-15  NOD want - 3615.22 + 850.88 addtional chrgs

9-14-15  NOD wan  2418·23

8-24-15  letter of Explanation of threats - wRong ∵

7-14-15 - Notice of f/c want. 3448.05

6-22-14 NOTice threats

6-5-15 - NOD - threat

5  5-27-15 - fc threat want ....

5-12-15  NOD f/c

4-1-15 - past due Notice

4-29-15  NOD want 2251.66

3-31-15  NOD want 2181.56

2  Note Chpter 7 probetion

1  1-27-15  NOD want 2034 92

1-7-15  In Rem f/c  want 3004.29

1-6-15  NOD  want  3004.19

349

134

2015    NOD

12          PL pd in NOD
                    18.315-87

11

10   add 5-7-15 NOD wen 2181.59

9 -14-15 NOD went  2418.23
9-2-15 NOD want 3615.12 plus 850.88
8 -24-15 threat force to pay
7 -14—15 NOD-fc went 3448.55
6-22-15  threat Notice past due
6  5.27-15 - Notice in Rem / foreclose
5  5-12-15  Notice on f/c
4-29-15- NOD want 2251.66
4-1-15 threaths past due 2251.66
3-31-15  NOD went 2181.59
note under Chtr 7 protection Desch 3-1510
3
1-27-15 NOD want 2034.92
2  1-7-15 - In Rem foreclose want 3004.29
1  1-6-15 NOD want 3004.19

350
(135)

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

OCWEN

09/02/2015

WWW.OCWEN.COM

*[handwritten:] Roger in India 10078*
*[handwritten:] (Leslie) #74449 India*

## REINSTATEMENT QUOTE

Glenda
Po Box 402
Rancho Cucamonga CA 91739

*[handwritten:] TL amt to catch up on the paymts to Correct*

*[handwritten:] I Dont owe You*

Requestor Fax Number:
Requestor Email Address:

If your loan is past due or has recently been past due, additional fees and costs may have been incurred on your loan but not yet billed to your account. These fees and expenses, if any, will be billed to your account once they are verified and paid by Ocwen. Furthermore, if your account is past due, additional collection expenses and legal fees may be accruing.

Loan Number: 7140257960
Customer Name(s): Glenda Murphy
Property Address: 9965 Mckinley St, Rancho Cucamonga, CA 91730

As Of : 10/02/15 Next Due: 11/01/15

**Description**
Principal Payment *[handwritten:] — unknown of 1001.24 reg pay prem taxes as agen*
Interest Due *[handwritten:] 2.00000%*
Escrow Payment *[handwritten:] 228.78*
Suspense Balance *[handwritten:] 396.50 plus*
Total Amount Due to Reinstate

| | Amount |
|---|---|
| | 1,508.90 |
| | 1,581.26 |
| | 914.80 |
| | 389.74 |
| | $3,615.22 |

*[handwritten:] 2,424.76 — Includes additional fees presence in the acct*

If you are unable to pay the Total Amount Due to reinstate your loan, please contact our office at (877) 596-8580

**Description**
Late Charge Due *[handwritten:] 386.03*
Property Inspection Fee
Property Valuation Expense
Certified Mail Cost
Adjustment
Legal costs - FCLS
Prior Payment Shortage
Total Other Amounts Outstanding and Due

*[handwritten:] I must pay no option - ck the worth to have an update on the acct*

| | Amount |
|---|---|
| | 424.93 |
| | 173.40 |
| | 100.00 |
| | 45.71 |
| | 17.57 |
| | 81.53 |
| | 7.74 |
| | $850.88 |

*[handwritten:] misc chrg - 432.48*

Please make note of the other amounts due on your loan. Repayment of these amounts is not necessary to reinstate your loan at this time; however, it is required to fulfill your debt obligation under the note and the mortgage. We strongly encourage you to contact us to make payment arrangements to repay the Other Amounts Outstanding and Due by calling (800) 746-2936.

Leslie Arvind has been assigned as your relationship manager and will be your designated representative for resolution inquiries and submission of documents

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.

*[handwritten:] 351*

NMLS # 1852

Ocwen Loan Servicing, LLC
1661 Worthington Road Suite 100
West Palm Beach, FL 33409

WWW.OCWEN.COM

1.  If your loan is past due or has recently been past due, additional fees and costs may have already been incurred on your loan but not yet billed to your account. These fees and expenses, if any, will be billed to your account once they are verified and paid by Ocwen.

2.  If your account is past due, additional collection expenses and legal fees may be accruing.

3.  All checks must be made payable to Ocwen.

4.  If your loan is in foreclosure, all funds must be in one of the following forms: Cashier's Check, Bank Certified Check, Title Company Check or Attorney's Escrow Check or via Wire Transfer. All other forms of payment will be returned and the reinstatement will not be processed.

5.  Payment remittance information (always include Ocwen loan number with payment):

**BY OVERNIGHT COURIER**
Ocwen
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Reference: Ocwen Loan # 7140257960
Attention: Cashiering/HRC Payment Department

**BY WIRE TRANSFER**
Wells Fargo Bank, NA
San Francisco, California
ABA: 121000248
Account Name: Ocwen Loan Servicing, LLC
Account Number: 4124823352
Reference: Ocwen Loan # (Loan followed by loan #)

If you have questions regarding this reinstatement quote, please contact our Home Retention Department at

## (800) 746-2936

If after speaking with our Home Retention department, you still have questions or concerns, please feel free to contact the Ocwen consumer advocate at the address above, by email at Ombudsman@ocwen.com or by phone at (800) 390-4656

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS # 1852

**OCWEN Loan Servicing, LLC**
www.OCWEN.COM
*Helping Homeowners is What We Do! ™*

1661 Worthington Road, Ste .
West Palm Beach, FL 334
Toll Free: (888) 554-65

6/22/2015

Loan Number: 7140257

Glenda R Murphy
Po Box 402
Rancho Cucamonga, CA 91739

**Property Addre**
9965 Mckinley
Rancho Cucamonga, CA 917

## URGENT NOTICE PER CALIFORNIA STATE LAW
### ACCOUNT PAST DUE

Dear Customer(s),

We are required by California law to contact you regarding the account listed above. As of the date of this letter, we have not y
received mortgage payments for one or more months, and the account is past due.

**Payments**

Payment can be made using any of the methods below, or call Ocwen to discuss mortgage assistance options. If a payment h
already been sent, please disregard this notice. A payment can be sent by regular or overnight mail.  Payments may also be made
telephone; please contact us at (888) 554-6599. Our website, www.ocwencustomers.com, is also available at your convenience.

**Certified funds may be required**

If this account has previously been restricted to certified funds, payment can be made ONLY by Money Gram, Western Union, ba
check, bank wire, money order, or cashier's check.

| Payment Methods |
|---|
| Always Include Loan # **7140257960** with payment |

| | |
|---|---|
| **MoneyGram** | **Via Regular Mail** |
| Receive Code: 2355 | Ocwen Loan Servicing, LLC |
| City: Orlando | P.O. Box 6440 |
| St: FL | Carol Stream, IL 60197-6440 |
| Loan # 7140257960 | |
| **Western Union** | **Overnight Mail** |
| Code City: OCWEN | Ocwen Loan Servicing, LLC |
| State: Florida | 2012 Corporate Lane, Suite 108 |
| Reference: Loan# 7140257960 | Naperville, IL 60563-0726 |
| | Attention: Cashiering Department |

7140257960

CA-20Day-BK_\

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpo
However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided
you for informational purposes only with regard to our secured lien on the above referenced property.  It is not intended as
attempt to collect a debt from you personally.

Page 1

NMLS # 1

OCWEN

Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Ste. 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

If the account is not brought current in timely manner, it may result in our election to exercise our right to foreclose on the property. Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If the loan has already been accelerated and foreclosure proceedings have already begun, we will continue the foreclosure action (if possible). You may have the right to assert in court, the non-existence of a default or any other defense to acceleration and foreclosure.

We will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers. However, we will only release information once written authorization has been obtained, as required by law.

After acceleration of the debt, but prior to foreclosure, the mortgage loan may be reinstated, depending on the terms of the note and mortgage, any payments received and/or any relevant prior court order. We encourage you to review the provisions of the note and mortgage. Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the mortgage agreement, in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING A PAYMENT, PLEASE CALL US TO VERIFY THE EXACT AMOUNT PAST DUE ON THE ACCOUNT.**

In addition, a HUD counseling agency may be able to provide assistance. To locate the HUD-approved counseling agency, call the HUD Housing Counseling Service at (800) 569-4287 or consult HUD's website at www.HUD.gov.

Failing to contact a housing counselor or attorney may result in the loss of certain opportunities, such as meeting with the lender or participating in mediation in front of a neutral third party.

If you have any questions or concerns please call us toll-free at (800)746-2936. We are available Monday through Friday 8:00 am to 9:00 pm, Saturday 8:00 am to 5:00 pm and Sunday 9:00 am to 9:00 pm ET.

Leslie Arvind has been assigned as your relationship manager and will be your designated representative for resolution inquiries and submission of documents.

Sincerely,
Customer Care

7140257960

**Notice Regarding Bankruptcy:** Please be advised that this letter is in no way an attempt to collect either a pre-petition, post petition or discharged debt. If your bankruptcy case is still active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a bankruptcy case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally. Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your plan. If your loan has been paid in full or already foreclosed upon, this is not an attempt to collect any additional funds from you.

DEMAND05_BKDC_v2.1

353

NMLS # 1852

**OCWEN Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Ste. 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

5/27/2015

Loan Number: 7140257960

Glenda R Murphy

Po Box 402
Rancho Cucamonga, CA 91739

<u>**Property Address:**</u>
9965 Mckinley St
Rancho Cucamonga, CA 91730

## SPECIAL NOTICE IN THE EVENT YOU HAVE FILED BANKRUPTCY

### <u>AVISO IMPORTANTE PARA PERSONAS DE HABLA HISPANA</u>

Esta notificación es de suma importancia.  Puede afectar su derecho a continuar viviendo en su casa.  Si no entiende su contenido, obtenga una traducción inmediatamente o contáctenos ya que tenemos representantes que hablan español y están disponibles para asistir.

### <u>NOTICE OF DEFAULT</u>

Dear Customer(s),

If you have received an Order of Discharge in a Chapter 7 case filed under the Bankruptcy Code of the United States, this notice is not intended as an attempt to collect any debt from you personally. If you have received an Order of Discharge in a Chapter 11, 12 or 13 bankruptcy case, this notice is not an attempt to collect a pre-petition debt pursuant to a completed and confirmed Bankruptcy Plan.  If the foregoing applies to you, this notice is sent to you only as a preliminary step to an "In Rem" foreclosure on the mortgage against the above-referenced property.  Provisions may be contained within the mortgage/deed of trust that requires notice prior to foreclosure. As such, this is not an attempt to assert that you have any personal liability for this debt contrary to any entered Bankruptcy Order of Discharge.

In addition, if you have recently filed a petition under the Bankruptcy Code, this notice has been sent to you because we have not been notified of your bankruptcy case. If the foregoing applies to you, it is **IMPORTANT** that you or your bankruptcy attorney contacts us immediately and provides us with the following information: date and jurisdiction of your filing, your case number and the bankruptcy chapter number under which you have filed.

7140257960

*DEMAND05_BKDC_v2.1*

**Notice Regarding Bankruptcy:**  Please be advised that this letter is in no way an attempt to collect either a pre-petition, post petition or discharged debt.  If your bankruptcy case is still active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a bankruptcy case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally.  Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your plan. If your loan has been paid in full or already foreclosed upon, this is not an attempt to collect any additional funds from you.

*NMLS # 1852*

**Ocwen Loan Servicing, LLC**
1661 Worthington Road, Ste. 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

WWW.OCWEN.COM

*Helping Homeowners is What We Do! ™*



January 7, 2015

NOD
1-7-15
want
3004.79

Loan Number: 7140257960

Glenda R Murphy

Po Box 402
Rancho Cucamonga, CA 91739

**Property Address:**
9965 Mckinley St
Rancho Cucamonga, CA 91730

## SPECIAL NOTICE IN THE EVENT YOU HAVE FILED BANKRUPTCY

### AVISO IMPORTANTE PARA PERSONAS DE HABLA HISPANA

Esta notificación es de suma importancia.  Puede afectar su derecho a continuar viviendo en su casa.  Si no entiende su contenido, obtenga una traducción inmediatamente o contáctenos ya que tenemos representantes que hablan español y están disponibles para asistir.

### NOTICE OF DEFAULT

Dear Customer(s),

If you have received an Order of Discharge in a Chapter 7 case filed under the Bankruptcy Code of the United States, this notice is not intended as an attempt to collect any debt from you personally. If you have received an Order of Discharge in a Chapter 11, 12 or 13 bankruptcy case, this notice is not an attempt to collect a pre-petition debt pursuant to a completed and confirmed Bankruptcy Plan.  If the foregoing applies to you, this notice is sent to you only as a preliminary step to an "In Rem" foreclosure on the mortgage against the above-referenced property.  Provisions may be contained within the mortgage/deed of trust that requires notice prior to foreclosure. As such, this is not an attempt to assert that you have any personal liability for this debt contrary to any entered Bankruptcy Order of Discharge.

In addition, if you have recently filed a petition under the Bankruptcy Code, this notice has been sent to you because we have not been notified of your bankruptcy case. If the foregoing applies to you, it is **IMPORTANT** that you or your bankruptcy attorney contacts us immediately and provides us with the following information: date and jurisdiction of your filing, your case number and the bankruptcy chapter number under which you have filed.

7140257960

DEMAND05_BKDC_v2.0

**Notice Regarding Bankruptcy:**  Please be advised that this letter is in no way an attempt to collect either a pre-petition, post petition or discharged debt.  If your bankruptcy case is still active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a bankruptcy case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally.  Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your plan. If your loan has been paid in full or already foreclosed upon, this is not an attempt to collect any additional funds from you.

Page 1 of 6

NMLS # 1852

1  Eric M. Murphy, In Pro Per
2  Glenda C. Murphy, In Pro Per
3  9965 McKinley Street
4  Rancho Cucamonga, CA 91739
5  909-463-7064
6
7                    **UNITED STATES DISTRICT COURT**
8                    **CENTRAL DISTRICT OF CALIFORNIA**
9                    **EASTERN DIVISION- SAN BERNARDINO**

10  ERIC M. MURPHY, an individual; and           CASE NO: EDCV19-00636
                                                 DEPT:
11  GLENDA C. MURPHY, an individual,
                                                 JUDGE:
12
13
14  Plaintiffs
15                                               FIRST AMENDED COMPLAINT OF ERIC
16  Vs.                                          M. MURPHY AND GLENDA C. MURPHY
17                                               SEEKING EX PARTE TEMPORARY
18                                               RESTRAINING ORDER FROM
19  US BANK; MEGA CAPITAL;                       FRAUDULENT FORECLOSURE AND
20  FIDELITY NATIONAL TITLE;                     PRELIMINARY AND PERMANENT
21  CHASE BANK, PARENT COMPANY TO                INJUNCTIVE RELIEF AND DAMAGES
22  LONG BEACH  BANK;                            FROM PREDATORY LENDING, AND
23  OCWEN LOAN SERVICING;                        NOTICE OF PENDENCY OF ACTION
24  MORTGAGE ELECTRONIC SERVICING,               FILED CONCURRENTLY WITH LEAVE
25  LLC; WESTERN PROGRESSIVE, LLC;               TO AMEND.
26  DOES 1 – 10 INCLUSIVE
27
28
29
30
31                                               Hearing Date: _____
32
33
34                                               Time: _____
35
36
37
38
39
40                                               356
41

l

# Table of Contents

TABLE OF AUTHORITIES................................................................................ii

INTRODUCTION...................................................................................1

STATEMENT OF FACTS......................................................................... 2

STANDARD OF REVIEW............................................................................ 3

ARGUMENT

I.     THE LOAN THAT PLAINTIFFS ENTERED WITH LONG BEACH BANK WAS PREDATORY, IN
VIOLATION OF THE TRUTH IN LENDING ACT BECAUSE IT LACKED REQUIRED
DISCLOSURES.............................................................................................4

      A.   DEFENDANTS FRAUDULENTLY EMPLOYED SEVERAL ASSIGNMENTS AND DEEDS TO
CONCEAL LIABILITY AND AVOID RESCISSION OF THEIR AGREEMENT WITH
PLAINTIFFS.......................................................................................5

      B.   EQUITABLE TOLLING APPLIES TO THE TILA COMPLAINT BECAUSE PLAINTIFFS WERE
CONFUSED AND INUNDATED WITH DIFFERENT
DOCUMENTS.......................................................................................6

II.     THE TIMELINE OF LOANS GRANTED SUPPORT THE CONCLUSION THAT LOANS WERE
PREDATORILY GRANTED.......................................................................6

III.    THE 2006 SECOND MORTGAGE THAT PLAINTIFFS SOUGHT HAD PREDATORY TERMS,
INCLUDING A $41,000 FEE, WHICH GRANTS RIGHT TO RESCISSION AND DAMAGES.............6

      A.   EQUITABLE TOLLING APPLIES TO THE SECOND TILA COMPLAINT BECAUSE PLAINTIFFS
EMPLOYED LEGAL REPRESENTATION TO FIGHT TILA VIOLATIONS.

IV.    PLAINTIFFS ARE NOT IN DEFAULT AND THEIR PAYMENTS OVER THE LAST 25 YEARS FAR
EXCEED THE VALUE OF THE HOUSE; TEMPORARY RELIEF AND NOTICE OF A PENDENCY ACTION
ARE REASONABLE REMEDIES TO ALLOW PLAINTIFFS TO OBTAIN DISCOVERY RELEVANT TO
THEIR CLAIMS OF FRAUD..............................................................................7

      A.   LOANS RECORDED IN MULTIPLE DEEDS OF TRUST ARE FRAUDULENT; PLAINTIFFS ONLY
AGREED TO ONE REFINANCE AGREEMENT, BUT THE PROPERTY HAS A $370,000 LIEN
ATTACHED TO IT.......................................................................................8

APPENDIX........................................................................EXHIBIT A

357

## Table of Authorities

1  **Cases**
2  (*Banares v. Wells Fargo Bank. N.A.* (N.D.Cal. Mar. 7, 2014, No. C-13-4896 EMC) 2014 U.S.Dist.LEXIS
3  29909.)—assignment case
4  *Edman v. Nationstar Mortg. LLC* (D.Or. Dec. 11, 2015, No. 6:15-cv-00053-AA) 2015 U.S.Dist.LEXIS
5  190995, at *2-3.
6  *Griffor v. Airport Chevrolet, Inc.* (D.Or. Jan. 21, 2009, No. 08-3063-HO) 2009 U.S.Dist.LEXIS
7  5332, at *9.
8  *Harris v. Bank of America N.A. (In re Harris)* (Bankr.9th Cir. Nov. 29, 2012, No. CC-11-1600-
9  DHKi) 2012 Bankr. LEXIS 5596.
10  *Jacob v. Aurora Loan Servs.* (N.D.Cal. July 2, 2010, No. 10-1789 SC) 2010 U.S.Dist.LEXIS 65999.—
11  tolling casegri
12  *Patel v. Mortg. Elec. Registration Sys., No. 4:13-cv-1874 KAW, 2013 U.S. Dist. LEXIS 110738,*
13  *at *4 (N. Cal. Aug. 6, 2013)*
14  *Laura v. Great Lakes Higher Educ. Guar. Corp.*, 2018 DNH 023
15  *Lester v. J.P. Morgan Chase Bank*, 926 F. Supp. 2d 1081, 1092 (N.D. Cal. 2013)
16  *Marcos v. Equity One Lenders Group* (N.D.Cal. Oct. 25, 2011, No. C11-04000 HRL) 2011
17  U.S.Dist.LEXIS 123303, at *4.
18  (*Michel v. Deutsche Bank Trust Co.* (E.D.Cal. Sep. 30, 2011, No. 1:10-CV-2375 AWI SKO) 2011
19  U.S.Dist.LEXIS 113577.)
20  *Nool v. Homeq Servicing* (E.D.Cal. 2009) 653 F.Supp.2d 1047, 1049.)15 U.S.C 1631
21  *Nottage v. Bank of N.Y. Mellon* (D.Haw. Oct. 25, 2012, No. 12-00418 JMS/BMK) 2012
22  U.S.Dist.LEXIS 153340, at *6-7.
23  *Santos v. U.S. Bank N.A.* (E.D.Cal. 2010) 716 F.Supp.2d 970, 978.)
24  *Sneed v. Beneficial Finance Co.* (D.Haw. 1976) 410 F.Supp. 1135.
25  *United States v. Upper San Gabriel Valley Mun. Water Dist.* (C.D.Cal. Sep. 8, 2000, CASE NO.
26  CV 00-7903 AHM (BQRx)) 2000 U.S.Dist.LEXIS 13353, at *1.
27
28  **Statutes**
29  Truth in Lending Act (TILA), 15 U.S.C.S. § 1601
30  Fair Debt Collections Practices Act (FDCPA), 15 U.S.C.S. § 1692
31  15 U.S.C. §1639
32  18 U.S.C. §1021
33  28 U.S.C. § 1337
34  California Business and Professions Code Section 17200
35  15 U.S.C. § 1641(a),
36  **Other**
37  Fed. R. Civ. P. 12(b)(6)
38  Fed. R. Civ. P. 9(b)
39  Evid Code § 453
40
41
42

**Introduction**

1
2          Plaintiffs, Eric and Glenda Murphy filed Case EDCV19-00636 on April 9, 2019 requesting a
3     jury trial to obtain ex parte temporary restraining order and temporary and permanent injunctive
4     relief from Defendants who initiated a foreclosure sale of their property. The presiding judge, Judge
5     Jesus G. Bernal dismissed the case with leave to amend due to the pro per condition of the
6     complainants and an incomprehensible complaint.
7          Despite the confusion in the initial complaint, Plaintiffs contend that Defendant banks locked
8     them into a subprime mortgage agreement then employed several deed transfers to confuse liability
9     and cloud the title.  After more than twenty years of paying as agreed, the $120,000 home that
10    Plaintiffs purchased now has a $470,000 price tag on it.
11         When Plaintiffs pulled documents from the San Bernardino County Recorder's Office, they
12    realized that multiple loans were pulled on their home that they neither consented to nor had
13    knowledge of.
14         Plaintiffs are requesting an ex parte temporary restraining order,  preliminary and permanent
15    injunction, a notice of pendency of action, in order to plead their case before a jury, in which they
16    will ask for relief and damages for violation of 15 US Code 1639 and 1601, 18 US Code 1021.

17

18

19

20

21

22

23

24

25

26

27
28

359

**Statement of Facts**

1.     Plaintiffs Eric and Glenda Murphy acquired 9965 McKinley Street, Rancho Cucamonga, CA
2. 91739, "Property" on October 5, 1994 via Quitclaim Deed.  The deed was recorded October 17,
3. 1994, for $120,000; Long Beach Bank, FSB was the Beneficiary and Trustee as displayed in Exhibit
4. 1. The executed deed of trust was partnered with an adjustable rate rider, with an initial interest rate
5. of 6.99% and gave the lender discretion to arbitrarily increase the rate every six months based on an
6. index plus 3.5%. The rider admitted to allowing the monthly charge and overall balance of the loan
7. to change at the lender's discretion.
8.     Being that neither of the plaintiffs were educated beyond high school, and each had blue-collar
9. employment, they were excited about the prospect of owning their home in their own names and fell
10. victim to the lender's target.  Two years later, Mr. and Mrs. Murphy were offered a lower interest
11. rate, which they excitedly agreed to. That deed of trust was recorded on January 18, 1996 as a
12. $20,000 loan—funds the victims never received.  As displayed in Exhibit 2, Legend Financial Group,
13. Inc. was the beneficiary and lender of the deed and First American Title Company was named
14. trustee. Only one year later, on July 10, 1997, another deed of trust was recorded naming Harbor
15. View Mortgage as beneficiary and American Title Company as trustee. Attached to this deed, was a
16. $35,000 loan, which the Murphys neither had knowledge of nor consented to. A series of unapproved
17. additional loans were recorded on additional deeds of trust as demonstrated in Exhibits 3-9 and listed
18. below by their recordation dates:

- July 10, 1997, $35,000 with Harbor View Mortgage as Beneficiary and American Title
  Company as Beneficiary *Exhibit 3*
- December 3, 1999, $159,152 with Chase Manhattan Mortgage as beneficiary and First
  Southwestern Title Company of CA as trustee *Exhibit 4*
- December 9, 1999, $5,500 with an advance of $5,775 to Housekey Financial Corp, an Illinois
  Corporation as Trustee and Household Financial Corporation of California as beneficiary
  *Exhibit 5*
- June 30, 2000, $27,000 with Household Finance as beneficiary and Housekey Finance as
  trustee *Exhibit 6*
- March 20, 2002, $197,500 with Secured Bankers Mortgage Company as lender, T.D. Service
  Co. as trustee and MERS as a nominee for lender *Exhibit 7*
- September 15, 2003, $229,500 with Fremont Investment & Loan as Lender and Fremont
  General Credit Corporation as Trustee, and Mortgage Electronic Registration Systems, Inc.
  (MERS) as beneficiary *Exhibit 8*
- October 19, 2005, $275,000 with Mega Capital Funding Inc as lender and Alliance Title Co.
  as Trustee and MERS as the beneficiary *Exhibit 9*

36.     In 2004, Plaintiff were approached with a refinance offer, which they consented to.  They later
37. found that they had been entered into a loan for $370,000, with a prior balance of $274,530.19 paid
38. and $53,528.46 purportedly given to the Murphys.  They never received any of these funds and were
39. subsequently charged a $41,941.35 fee for the transaction. The lender, under Fidelity National Title
40. Company, was American Brokers Conduit.  Documents also show that the lender fraudulently
41. inflated the value of the home to secure the loan. *Exhibit 10*
42.     There is an extensive list of transfers and assignments that confuses the plaintiffs and their ability
43. to determine which entity was entitled to foreclose, and which entity to hold liable for the fraudulent
44. misrepresentations and violations of law.  Further, plaintiffs believe that Defendants committed
45. numerous fraudulent transactions on October 10, 2006 including a fraudulent multi-parcel transfer
46. without any parcel numbers, and hostile acquisition by backdating deeds of trust on multiple parcels
47. to October 17, 1994 (demonstrated in the Assessor's Ownership Report in Exhibit 11). Plaintiffs

*360*

1   further contend that each of the lenders were co-conspirators in an effort to extort funds from them
2   and foreclose the property.
3        A trustee notice of sale was sent from Western Progressive LLC to the Murphys on December 3,
4   2008 asserting that the Plaintiffs defaulted in the amount of $370,000. *Exhibit 12* The plaintiffs never
5   received any funds and did not sign any documents related to the refinance recorded on October 10,
6   2006. Plaintiffs respectfully request consideration and advocacy from the court so they can conduct
7   necessary discovery to reveal the fraud they are victim to.
8

1
2
3
4
5
6
7
8
9
10
11
12
13
14

**Motion Standard of Review**

The standard of review for the court's consideration is de novo. Plaintiffs are responsible for stating the complaint with sufficient factual matter to avoid dismissal based on Civil Rule 12 (b)(6). A plaintiff is entitled to a preliminary injunction upon showing either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in his favor. *United States v. Upper San Gabriel Valley Mun. Water Dist.* (C.D.Cal. Sep. 8, 2000, CASE NO. CV 00-7903 AHM (BQRx)) 2000 U.S.Dist.LEXIS 13353, at *1.

362

## I.     THE LOAN THAT PLAINTIFFS ENTERED WITH LONG BEACH BANK WAS PREDATORY, IN VIOLATION OF THE TRUTH IN LENDING ACT BECAUSE IT LACKED REQUIRED DISCLOSURES.

In *Sneed v. Beneficial Financial Co.,* the United States District Court for the District of Hawaii granted defaulted debtors' motion for summary judgment and held that the documents provided to the debtors were inadequate under the Truth in Lending Act. *Sneed v. Beneficial Finance Co.* (D.Haw. 1976) 410 F.Supp. 1135, 1145. The plaintiff debtors asserted that their creditor failed to adequately disclose and describe the defendant's security interest in plaintiff's collateral, failed to adequately disclose and describe the collateral in which defendant's security interest was to attach, and failed to adequately disclose the correct amount of the finance charge and annual percentage rate provided for in the parties' loan agreement. *Id.* The Court held that the disclosure statement did not fulfill the requirements of U.S.C. §1639(a)(8) of the Act and § 226.8(b)(5) of Regulation Z because of the statement's unclear and ambiguous identification of the property to which the security interest attaches. *Id.*

Section 2(a), subsection 2 of the Home Equity Loan Consumer Protection Act of 1988 (15 U.S.C. 1631) *Exhibit 13,* which governed the sale of the Property in 1994, requires the following:

B) A description of the manner in which any changes in the annual percentage rate will be made, including
>> (i) any negative amortization and interest rate carryover;
>> (ii) the timing of any such changes;
>> (iii) any index or margin to which such changes in the rate are related; and "(iv) a source of information about any such index;

C) If an initial annual percentage rate is offered which is not based on an index
>> (i) a statement of such rate and the period of time such initial rate will be in effect; and
>> (ii) a statement that such rate does not include costs other than interest;

D) Current index value and interest rate;

F) A statement of the maximum annual percentage rate that may be imposed at any time under the plan

G) Subject to subsection (bX3), a table, based on a $10,000 extension of credit, showing how the annual percentage rate and the minimum periodic payment amount under each repayment option of the plan would have been affected during the preceding 15-year period by changes in any index used to compute such rate;

H) A statement of
>> (i) the maximum annual percentage rate which may be imposed under each
>> repayment option of the plan;

Long Beach Bank and the Murphy's creditors failed to include the current index, negative amortization, a statement of the maximum annual percentage rate, and many other items required in the legislation. Like *Sneed,* the Court has the discretion to allow plaintiffs to rescind within three years.

Plaintiffs concede that the three year statute of limitations which grants borrowers recession rights has tolled. *15 U.S.C. § 1635(b).* However, Plaintiffs assert the due diligence they exercised to reveal the inequitable terms of their agreement, and they respectfully ask for judicial consideration of the Defendants' willing tendency toward fraudulent practices while considering the matters brought forth in this complaint.

### A. DEFENDANTS FRAUDULENTLY EMPLOYED SEVERAL ASSIGNMENTS AND DEEDS TO CONCEAL LIABILITY AND AVOID RESCISSION OF THEIR AGREEMENT WITH PLAINTIFFS.

Defendants' excessive title transfers warrant a reasonable conclusion that they prevented Plaintiffs' ability to recognize TILA violations and identify the liable party. The constant transfer of interests in the Property has been confused and there are questions as to which entity actually has a real interest in the Property. *Exhibit 15*

If there is a "reasonable apprehension" that a written instrument, if left outstanding, may cause serious injury to a person against whom it is void or voidable, a court may order its cancellation. Cal. Civ. Code § 3412. "For example, cancellation may be warranted when a written instrument violates a statute, was procured by fraud or under undue influence, or where there has been a mutual mistake, or a unilateral mistake known or induced by the other party." *Banares v. Wells Fargo Bank, N.A.* (N.D.Cal. Mar. 7, 2014, No. C-13-4896 EMC) 2014 U.S.Dist.LEXIS 29909, at *1.

The omissions as described in Section I of this complaint violates TILA and the plaintiffs face serious injury (such as unwarranted foreclosure) and false and exaggerated loan balances, which are now liens on the Property. Further, the multiple Grant Deeds presented in Defendants' Request For Judicial Notice In Support of their Motion to Dismiss, dated July 8, 2019, Exhibits 1 and 2 raise Plaintiff's concern, since they were given the grant deed in their initial transaction in 1996, and did not conduct any other transactions.

The standard of review is one of particularity when it pertains to fraud. *USCS Fed Rules Civ Proc R 9.* Because plaintiffs were issued more than twenty assignment notices (in the form of deeds) over the course of the loan and because the plaintiffs were ignorant as to what the mass amount of documents sent to them meant, it is reasonable to conclude that the Defendants employed the assignments to avoid liability.

Further, 15 U.S.C. § 1641(a), allows actions against assignees may be maintained only if the violation is apparent on the face of the disclosure document. The missing portions of the disclosures (as described in Section I of this complaint) are apparent by viewing the disclosure documents. Plaintiffs are entitled to seek damages from the Defendants based on this legislation. *Griffor v. Airport Chevrolet, Inc.* (D.Or. Jan. 21, 2009, No. 08-3063-HO) 2009 U.S.Dist.LEXIS 5332, at *9.

Plaintiffs reasonably believe that there are legal issues with the series of transfer deeds that could lead to the abrogation of the Deeds of Trust, subsequently cancellation of foreclosure of the Property. They contend that the listed Defendant cooperated in forging Plaintiff's signatures and notary documents, concealing inequitable terms, and removing the equity from the house by exercising loans that the Plaintiffs had no knowledge or consent to. Proving these claims grounded in fraud would show that Plaintiffs paid as agreed for 25 years, and even paid more to satisfy demands to avoid foreclosure. Plaintiffs are in a disadvantaged position and rely on the court to proceed for discovery in order to reveal the material mistakes that impact the Plaintiff's foreclosure status.

In *Cornell v. That Certain Instrument Entitled "Deed of Trust,* the court disallowed Plaintiff requests to cancel fraudulent Deeds of Trust because the Plaintiff failed to allege who was responsible, how she was injured, and how the fraudulent Deed made her position of default any different. (*Cornell v. That Certain Instrument Entitled "Deed of Trust."* (E.D.Cal. May 21, 2012) 2012 U.S.Dist.LEXIS 71353, at *11-15.)

Plaintiffs Eric and Glenda Murphy have alleged that the Defendants listed on the fraudulent Deeds, as displayed in Exhibits 3-9 are responsible; they have been injured by inflated loan balances, which led to the foreclosing of the Property. For these reasons, Plaintiffs request the court's advocacy.

**B. EQUITABLE TOLLING APPLIES TO THE PRIMARY TILA COMPLAINT**
**BECAUSE OF THE CONCEALMENT DEFENDANTS EMPLOYED.**

District courts have discretion to adjust equitable tolling limitations of Truth in Lending Act (TILA) claims when plaintiffs establish that despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim. *Copeland v. Lehman Bros. Bank* (S.D.Cal. Jan. 3, 2011, No. 09cv1774-WQH-RBB) 2011 U.S.Dist.LEXIS 123, at *1. Plaintiffs began conversations with the bank with their first Notice of Foreclosure. Plaintiffs discussed their contract with the bank and confirmed that their payments were made timely each month and that there were no other issues. Unsuspecting, they had no further indication that they were victims of abusive terms until they opted for a refinance in 2006 and they were told that their loan balance was $370,000. The Plaintiffs received hundreds of documents during this time, and exercised due diligence by initiating several conversations with their lender—none of these efforts led to any revelation of the abusive terms of their original agreement or the suppressed information related to maximum annual percentage or other fees that they were charged. In all of the title transfers, the creditors never restated any of the terms that were a part of the original agreement. Because Plaintiffs exercised due diligence to ensure that the information they possessed was valid, they are entitle to equitable tolling to the point in year 2011 when they initiated legal proceedings.

**II. THE TIMELINE OF LOANS GRANTED SUPPORT THE CONCLUSION THAT**
**LOANS WERE FRAUDULENTLY GRANTED.**

Plaintiffs respectfully request judicial notice of Exhibits 3-6 The exhibits display dates:
- January 18, 1996
- July 10, 1997
- December 3, 1999
- December 9, 1999
- June 30, 2000
- March 20, 2002

The court has discretion to take judicial notice of matters specified in Evid Code § 451 and Evid Code § 452 if a party requests that judicial notice be taken, gives each adverse party notice of the request, and furnishes the court with sufficient information to enable it to take judicial notice of the matter [Evid Code § 453]. *2 MB Practice Guide: CA Pretrial Civil Procedure 26.17* (2019)

The timeline of deeds securing loans on the Property do not support the conclusion that Plaintiffs took loans from their property. The total equity available on the property when compared to the amount of loans purportedly taken on the house do not add up. Plaintiffs respectfully request the opportunity for a jury to consider the evidence in a formal trial.

**III. THE 2006 SECOND MORTGAGE THAT PLAINTIFFS SOUGHT HAD**
**PREDATORY TERMS, INCLUDING A $41,000 FEE, WHICH GRANTS RIGHT**
**TO RECISSION AND DAMAGES.**

As demonstrated in Exhibit __ the second mortgage Plaintiffs took on _____, 2006 enforced predatory terms. In *Santos vs. U.S. Bank,* plaintiffs Felipe and Gemma Santos sued U.S. Bank for

1    "unearned, duplicative, unreasonable and unconnected fees" which were not related to any actual
2    services performed. *Santos v. U.S. Bank N.A.* (E.D.Cal. 2010) 716 F.Supp.2d 970, 978.)
3    They cited 12 U.S.C. § 2607: "[n]o person shall give and no person shall accept any fee, kickback, or
4    thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident
5    to or a part of a real estate settlement service involving a federally related mortgage loan; (b)
6    Splitting charges. No person shall give and no person shall accept any portion, split, or percentage of
7    any charge made or received for the rendering of a real estate settlement service in connection with a
8    transaction involving a federally related mortgage loan other than for services actually
9    performed." 12 U.S.C. § 2607. *Id.* The Plaintiffs in *Santos* listed a series of illegal fees:
10   endorsement fee; recording trust deed fee; doc preparation fee; overnight delivery fee and others. *Id.*
11   The only objection raised by the Defendant was that these complaints were barred by the statute of
12   limitations: " [a]ny action pursuant to the provisions of section 6, 8, or 9 of 12 U.S.C. § 2605, § 2607,
13   or § 2608 may be brought in the United States district court or in any other court of competent
14   jurisdiction, for the district in which the property involved is located, or where the violation is
15   alleged to have occurred, within 3 years in the case of a violation of section 6.*12 U.S.C. § 2605,* and
16   1 year in the case of a violation of section 8 or 9. *12 U.S.C. § 2607; 12 U.S.C. § 2614. Id.* Plaintiffs in
17   *Santos* did not address the issue of the statute of limitations, but the Murphys initiated an
18   investigation as soon as they received their loan documents.
19
20
21   **A. EQUITABLE TOLLING APPLIES TO THE SECOND TILA COMPLAINT BECAUSE PLAINTIFFS EMPLOYED**
22   **LEGAL REPRESENTATION TO FIGHT TILA VIOLATIONS.**
23        As stated in section 1B of this brief, district courts have discretion to adjust equitable tolling
24   limitations of Truth in Lending Act (TILA) claims when plaintiffs establish that despite all due
25   diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim.
26   *Copeland v. Lehman Bros. Bank* (S.D.Cal. Jan. 3, 2011, No. 09cv1774-WQH-RBB) 2011
27   U.S.Dist.LEXIS 123, at *1.
28        Plaintiffs employed due diligence in requesting loan documents, terms, and deeds related to
29   the second mortgage taken on the Property. They employed attorneys and experienced a series of
30   issues with the attorneys in their employ. *See Exhibit __.* Following the direction of their attorney,
31   the Plaintiffs filed bankruptcy proceedings instead of a complaint for the violation of TILA.
32        Plaintiffs respectfully request tolling of the statute of limitations to prove that they exercised
33   due diligence by hiring legal counsel to fight the TILA violations.
34        Plaintiffs began conversations with the bank with their first Notice of Foreclosure. Plaintiffs
35   discussed their contract with the bank and confirmed that their payments were made timely each
36   month and that there were no other issues.  Unsuspecting, they had no further indication that they
37   were victims of abusive terms until they opted for a refinance in 2006 and they were told that their
38   loan balance was $370,000. The Plaintiffs received hundreds of documents during this time, and
39   exercised due diligence by initiating several conversations with their lender—none of these efforts
40   led to any revelation of the abusive terms of their original agreement or the suppressed information
41   related to maximum annual percentage or other fees that they were charged. In all the title transfers,
42   the creditors never restated any of the terms that were a part of the original agreement. Because

1  Plaintiffs exercised due diligence to ensure that the information, they possessed was valid, they are
2  entitled to equitable tolling to the point in year 2011 when they initiated legal proceedings.
3
4  **IV. PLAINTIFFS ARE NOT IN DEFAULT AND THEIR PAYMENTS OVER THE LAST 25 YEARS FAR EXCEED**
5  **THE VALUE OF THE HOUSE; TEMPORARY RELIEF AND NOTICE OF A PENDENCY ACTION ARE**
6  **REASONABLE REMEDIES TO ALLOW PLAINTIFFS TO MOVE FORWARD AND OBTAIN DISCOVERY**
7  **RELEVANT TO THEIR CLAIMS OF FRAUD.**
8          Federal Rule of Civil Procedure 26 authorizes parties to "obtain discovery regarding any
9  nonprivileged matter that is relevant to any party's claim or defense." *Fed. R. Civ. P. 26(b)(1)*.
10  "Once the moving party establishes that the information requested is within the scope of permissible
11  discovery, the burden shifts to the party opposing discovery. In *Edman,* plaintiffs brought suit to
12  dispute the handling of their first mortgage. *Edman v. Nationstar Mortg. LLC* (D.Or. Dec. 11, 2015, No.
13  6:15-cv-00053-AA) 2015 U.S.Dist.LEXIS 190995, at *2-3. They motioned to compel the defendants to
14  furnish documents relating to assertions made in their claim. *Id.* The court granted some and denied
15  based on the rebuff of the Defendants, who claimed some of the requests were overboard or vague.
16  *Id.* Plaintiffs in the present case assert that Defendants can furnish pertinent information with regard
17  to the inconsistencies in the documents attached in the exhibits, records of their payments, and
18  records of the numerous requests Plaintiffs made for information regarding which entity possessed
19  interest in the Property, and documents relating to the agreements.
20          If Plaintiffs' suspicions are confirmed through discovery, the subsequent loans that
21  Defendants allege that Plaintiffs agreed to and the present foreclosure by Western Progressive LLC is
22  null because the transfers would be void and Western would not possess the requisite legal interest to
23  foreclose.
24          Exhibit 14 demonstrates Plaintiffs' copious records of payment over the last 25 years. Several
25          documents (attached as exhibits) demonstrate grant deeds, trustee sales, and other documents
26          with inconsistencies that suggest misrepresentation on behalf of the defendants. They
27          respectfully request the Court's approval of temporary relief in order to access effective legal
28          counsel to pursue discovery and move forward in a formal trial.
29
30  **A. LOANS RECORDED IN MULTIPLE DEEDS OF TRUST ARE FRAUDULENT; PLAINTIFFS ONLY**
31          **AGREED TO ONE REFINANCE AGREEMENT, BUT THE PROPERTY HAS A $370,000 LIEN**
32          **ATTACHED TO IT.**
33  Plaintiffs never agreed to any loan on the Property except the 2006 refinance. As attached in
34  *Exhibits 3-9,* several loans were made on the Property, causing the overall balance to significantly
35  increase. The inconsistencies in the documents in the prior exhibits demonstrate the high probability
36  that Defendants engaged in forgery, intentional misrepresentation, unfair practices, and an overall
37  scheme to extort Plaintiffs in violation of the good faith and fear dealing covenant.
38

**Prayer for Relief**

Plaintiffs ask the judge exercise discretion as to the adequate relief and damages based on the law. They respectfully ask that

**Conclusion**

Based on the arguments and preliminary evidence presented in this brief, Plaintiffs respectfully request the opportunity to move forward to obtain discovery for pertinent evidence for their claim. Plaintiffs demonstrate probable success on the merits of the claims herein and the possibility of irreparable injury lies in the loss of their property and further injustice by enforcing the predatory contracts they were party to.  Plaintiffs employed numerous attorneys, all of which directed them toward bankruptcy and no other legal remedies.  They have exercised extreme diligence in their attempt at navigating the legal system, understanding their contracts, and sorting out the several document transfers, deeds, and agreements they were sent over that past 25 years.

Plaintiffs have met the standard of review for the court's consideration by providing sufficient factual matters by furnishing their records of payment, deeds with violations of law apparent, copies of conflicting grant deeds and trustee sales. With discovery, Plaintiffs are confident in probable success and respectfully request the court's consideration of the arguments and evidence presented and request preliminary injunctive relief in order to proceed to the trial.

Finally, Plaintiffs, respectfully request room to amend the complaint as they are currently representing themselves and are attempting to reveal the predatory practices they fell victim to.

368

Owen 2016
Default - threats - Foreclosures

12 - 22 - 16 threats past due
12 - 20 - 16  Default want 4987.02
11 - 22 - 16 threat past due false Stmt
11 - 14 - 16  NOD - want 2668.61
10 24 - 16 interest higher
10 - 15 - 16 NOD want 5097.00
9 9 - 16 - 16 paid - 5097.11 demand default
8 8 - 3 - 16 NOD want 4807.98
8 - 8 - 16 NOD demand payment
7 8 - 31 - 16 threats of Foreclosure
7 - 21 - 16 NOD want default payment
7 - 16 - 16 paid 2438.92
6 7 = 6 - 16 NOD 575
5 - 21 - 16 NOD want 2558.04
4 5 - 1 - 16 NOD want 6986.42
3 4 - 11 - 16 NOD want 2489.83
3 - Chapter 7 / 3 - 9 - 09
2 - 8 - 16 pd 2322.14
1 - 20 - 16 fc threat want 3855.98 bal owe 437.103.92
Extorted
            want pd 3855 —

1 - 20 - 16   f/c referral

369
103

## Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

11/14/2016

Sent Via First Class Mail
2314408460
Loan Number: 7140257960

Glenda R Murphy
PO Box 402
Rancho Cucamonga, CA 91739-0402

Property Address: 9965 McKinley St
Rancho Cucamonga, CA 91730-4600

### NOTICE OF DEFAULT

### AVISO IMPORTANTE PARA PERSONAS QUE HABLAN ESPAÑOL:

Esta notificación es de suma importancia. Puede afectar su derecho a continuar viviendo en su casa. Si no entiende su contenido, obtenga una traducción inmediatamente o contáctenos ya que tenemos representantes que hablan español y están disponibles para asistir.

Dear Customer(s),

### SPECIAL NOTICE IN THE EVENT YOU HAVE FILED BANKRUPTCY

If you have received an Order of Discharge in a Chapter 7 case filed under the Bankruptcy Code of the United States, this notice is not intended as an attempt to collect any debt from you personally. If you have received an Order of Discharge in a Chapter 11, 12 or 13 bankruptcy case, this notice is not an attempt to collect a pre-petition debt pursuant to a completed and confirmed Bankruptcy Plan. If the foregoing applies to you, this notice is sent to you only as a preliminary step to an "In Rem" foreclosure on the mortgage against the above-referenced property. Provisions may be contained within the mortgage/deed of trust that requires notice prior to foreclosure. As such, this is not an attempt to assert that you have any personal liability for this debt, contrary to any entered Bankruptcy Order of Discharge.

In addition, if you have recently filed a petition under the Bankruptcy Code, this notice has been sent to you because we have not been notified of your bankruptcy case. If the foregoing applies to you, it is **IMPORTANT** that you or your bankruptcy attorney contacts us immediately and provides us with the following information: date and jurisdiction of your filing, your case number and the bankruptcy chapter number under which you have filed.

NMLS # 1852

DEMAND05BKDCM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



370

OCWEN

Ocwen Loan Servicing, LLC
WWW.OCWEN.COM

Helping Homeowners is What We Do! ™

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

0/24/2016

Loan Number: 7140257960

Gienda P Murphy
PO Box 402
Rancho Cucamonga, CA 91739-0402

**Property Address:**
9965 McKinley St
Rancho Cucamonga, CA 91730-4600

## INTEREST RATE AND/OR MONTHLY PAYMENT INCREASE

Dear Customer(s),

**Important Notice**: The interest rate on the above referenced Home Affordable Modification Program (HAMP) modified loan will adjust to 3.000000% on 12/1/2016. The monthly mortgage payment will also change to $1,130.92 beginning with the payment due on 1/1/2017.

### RATE CHANGE DETAILS

**Five year fixed rate**: Per the modification agreement, the initial interest rate remained the same (fixed) for the first five years after modification and now change according to the table included in this notice.

**Annual 1% rate cap increase**: Beginning on the first rate change date as outlined in the table below, the interest rate will increase by 1% each year, to a maximum amount called the rate "cap". This rate cap*, set when the loan was modified, guarantees the rate never will exceed the cap. Once the rate reaches the cap, it will remain the same until the loan ends.

*The rate cap equals the Freddie Mac Primary Mortgage Market Survey® rate for 30-year fixed rate conforming mortgages at the time the modification was prepared.

### SUMMARY OF LOAN CHANGES

As of 12/1/2016, the loan interest rate will change to 3.00000% . Starting with the 1/1/2017 payment, the total monthly amount due will be $1,130.92. This amount includes principal, interest and any escrow payments** (where applicable). As a convenience, we have included a table of scheduled interest rate changes for each year until the rate reaches the rate cap.

**All payments should be made on time**: If any payments are missed before the payment amount changes, the new payment amount could increase.

7140257960

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in an active bankruptcy case or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.

HAMPBK_v2.0

NMLS # 1852

Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!*

1661 Worthington Road,
Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

08/20/2016

GLINDA R MURPHY
PO BOX 402
RANCHO CUCAMONGA, CA 91739-0402

Loan Number: 7540257960

**VIA First Class Mail**
Tracking Number: 2511209134

Property Address: 9955 MCKINLEY ST
RANCHO CUCAMONGA, CA 91730-4600

## The mortgage loan payment is past due and the property may be referred to foreclosure

Dear Customer(s),

We are writing to give you important, time-sensitive information about the past-due mortgage loan payment because the property is close to being referred to foreclosure.

We want to give you important information about the status of the account, discuss next steps, and let you know about payment assistance options that may be available. Be sure you read this letter in its entirety. It spells out, in legal terms, why we are moving forward with the foreclosure process.

We are required to notify you of the following:

Important account information

*Please note: These amounts are subject to change. For the most current amount, please call our Customer Care Center at (800) 746-2936. We are available Monday-Friday 8:00 am-9:00 pm, on Saturday 8:00 am-5:00 pm, or on Sunday 9:00 am-9:00 pm ET.*

As of 07/25/2016:

| | |
|---|---:|
| Date of the last full payment: | |
| Date through which the account is paid: | 6/30/2016 |
| Current interest rate in effect for the loan: | 04/01/2016 |
| Date interest rate may next reset or adjust: | 2% |
| Amount of principal obligation: | 12/01/2016 |
| | $434,321.65 |
| Late fees included in reinstatement amount: | |
| Principal and Interest: | $193.15 |
| Interest Arrears: | $2,317.62 |
| Escrow: | $0.00 |
| Insufficient Funds Charges: | $700.23 |
| Fees / Expenses: | $0.00 |
| Suspense Balance (CREDIT): | $897.97 |
| Interest Reserve Balance (CREDIT) : | $38.04 |
| | $0.00 |
| Total to reinstate this loan: | |
| | $4,070.99 |

NMLS # 1852

*Notice Regarding Bankruptcy. To the extent your original obligation was discharged in bankruptcy, or is subject to the automatic stay of bankruptcy under Title 11 of the United States Code, please be advised that this letter is in no way an attempt to collect from you either a pre-petition, post-petition or discharged debt. If your bankruptcy case is still active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a bankruptcy case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally. Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and have been paid in full or already foreclosed upon, this is not an attempt to collect any additional funds from you.*

140C/BKDC

Page 1 of 3





## Ocwen Loan Servicing, LLC
### WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746 - 2936

07/21/2016

Loan Number: 7140257960

Glenda R. Murphy
PO Box 402
Rancho Cucamonga, CA 91739-0402

Property Address: 9985 McKinley St
Rancho Cucamonga, CA 91730-4600
Borrower(s) Name: Glenda R Murphy

## LOAN REINSTATEMENT QUOTE

Dear Glenda R. Murphy,

**See** below for a breakdown of the total amount required to reinstate the above referenced loan.

**IMPORTANT!** If the loan is not reinstated and the payments fall further behind, we may refer the mortgage to foreclosure, or if the loan is already in foreclosure, we may continue with foreclosure proceedings.

The reinstatement amount is good through: 08/19/2016. If the account is reinstated, the next regular payment is due on 09/01/2016

| Description | Amount |
|---|---|
| cipal Payment | |
| Interest Due | 1,534.24 |
| Escrow Payment | 1,555.92 |
| Suspense Balance | 933.64 |
| Total Amount Due to Reinstate | 38.04- |
| | $3,985.76 |

**Please make** note of the other amounts due on the loan. Repayment of these amounts is not **necessary to reinstate the loan** at this time however it is required to fulfill the debt obligation under the note and the mortgage.

| | Amount |
|---|---|
| Late Charge Due | |
| Review of Plan/Notice of Appearance | 231.78 |
| Certified Mail Cost | 400.00 |
| Total Other Amount Outstanding and Due | 52.24 |
| | $684.02 |

NMLS # 1852

REINSTM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ℠

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746 - 2936

Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the Mortgage or Deed of Trust. As of 05/21/2016, the following amounts are past due:

| | |
|---|---|
| Principal and Interest | |
| Interest Arrearage | $1,545.08 |
| Escrow | $0.00 |
| Late Charges | $462.11 |
| Insufficient Funds Charges | $115.89 |
| Fees / Expenses | $0.00 |
| Suspense Balance (CREDIT) | $452.24 |
| Interest Reserve Balance (CREDIT) | $17.28 |
| TOTAL DUE | $0.00 |
| | $2,558.04 |

On or before 06/20/2016, payment may be received by us via MoneyGram, bank check, money order or certified funds for the entire total amount past due to the appropriate address listed at the bottom of page two of this notice. All amount(s) that become due in the interim must also be received.

If the account is not brought current in timely manner, it may result in our election to exercise our right to foreclose on the property. Upon acceleration, the total obligation will be immediately due and payable without further demand. If foreclosure proceedings we are entitled to collect the total arrearage in addition to any expenses of collection, including but not limited to reasonable attorney's fees and costs. If the loan has already been accelerated and the exposure process has have already begun, we will continue the foreclosure action (if possible). If you may have the right to assert in court, the non-existence of a default or any other defense to acceleration and foreclosure.

We will not withhold any emuity owners, foreclosure defense lawyers, housing counselors, and other authorized representatives only, custom of... however, we will only release information once written authorization has been obtained, as required by law.

After acceleration of the debt, but prior to foreclosure, the mortgage loan may be reinstated, depending on the terms of the note and mortgage, any payments received and/or any relevant prior court order. We encourage you to review the provisions of the note and mortgage. Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the mortgage agreement, in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. PRIOR TO SUBMITTING A PAYMENT, PLEASE CALL US TO VERIFY THE EXACT AMOUNT THAT IS DUE ON THE ACCOUNT.

NMLS # 1852

DEMAND05BKDCM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if this debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!™*

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746 - 2936

Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the Mortgage or Deed of Trust. As of 04/08/2016, the following amounts are past due:

| | |
|---|---|
| Principal and Interest | $1,545.08 |
| Interest Arrearage | $0.00 |
| Escrow | $457.40 |
| Late Charges | $38.63 |
| Insufficient Funds Charges | $0.00 |
| Fees / Expenses | $453.24 |
| Suspense Balance (CREDIT) | $3.52 |
| Interest Reserve Balance (CREDIT) | $0.00 |
| TOTAL DUE | $2,490.83 |

On or before 05/08/2016, payment may be received by us via MoneyGram, bank check, money order or certified funds for the total amount past due to the appropriate address listed at the bottom of page two of this notice. Other amounts that become due in the interim must also be received.

If the account is not brought current in a timely manner, it may result in our election to exercise our right to foreclose on the property. Upon acceleration, the total obligation will be immediately due and payable without further demand. Unless you are protected, as we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If the loan has already been accelerated and foreclosure proceedings have already begun, we will continue the foreclosure action (if possible). You may have the right to assert in court, the non-existence of a default or any other defense to acceleration and foreclosure.

If you work with lawyers, foreclosure defense lawyers, housing counselors, or other authorized representatives of a customer. However, we will only release information once written authorization has been obtained, as required by law.

After acceleration of the debt, but prior to foreclosure, the mortgage loan may be reinstated, depending on the terms of the note and mortgage, any payments received and any relevant court order. We encourage you to review the provisions of your note and mortgage. Please be advised that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the mortgage agreement, in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. PRIOR TO SUBMITTING A PAYMENT, PLEASE CALL US TO VERIFY THE EXACT AMOUNT PAST DUE ON THE ACCOUNT.

NMLS # 1852

DEMAND05BKDCM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is solely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!*

1661 Worthington Road,
Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

Right to Foreclose

Ocwen Loan Servicing, LLC ( Ocwen ), as Servicer of the Mortgage Loan, has the right to foreclose. You signed a promissory note secured by a mortgage or deed of trust or other security instrument. Ocwen intends to initiate a foreclosure on the mortgaged property in the name of U.S. Bank National Association, as Trustee for MASTR Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 ("Noteholder").

Endorsement and Possession
The Noteholder, directly or through an agent, has possession of the original promissory note and the chain of endorsement is complete.

WHERE REQUIRED BY APPLICABLE LAW: Noteholder is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust for the referenced loan.

NMLS #1852

*Notice Regarding Bankruptcy. To the extent your original obligation was discharged in bankruptcy, or is subject to the automatic stay of bankruptcy under Title 11 of the United States Code, please be advised that this letter is in no way an attempt to collect from you either a pre-petition, post-petition or discharged debt. If your bankruptcy case is still active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a bankruptcy case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally. Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your plan. If your loan has been paid in full or already foreclosed upon, this is not an attempt to collect any additional funds from you.*

14DYBKDC

Page 2 of 9

**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!*

1561 Worthington Road,
Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

0_/03/2016

Loan Number: 7140257960

GLENDA A MURPHY

RANCHO CUCAMONGA, CA 91739-____

VIA First Class Mail
Tracking Number: _____

Property Address: 9965 MICKLEY ST
RANCHO CUCAMONGA, CA 91730

## The mortgage loan payment is past due and the property may be referred to foreclosure

You are receiving this important letter as a reminder that your past-due mortgage loan payment may cause foreclosure proceedings on your property.

We want to give you important information about the status of the account, discuss next steps, and let you know about the options that may be available. Be sure you read this letter in its entirety, as you could be losing your home or moving forward with the foreclosure process.

Your mortgage loan payment is past due.

Past due amount: _____

Please note all figures are subject to change. For the most current amount, please call our Customer Care center at 800-746-2936. We are available Monday-Friday 8:00 am-9:00 pm and Saturday 8:00 am-5:00 pm, Eastern Time.

As of ____ 2016:

| | |
|---|---|
| Total delinquent payment | |
| Outstanding principal balance | $_____ |
| Interest due (default rate) | $_____ |
| Administrative fees and charges | |
| Escrow/tax obligations | $_____ |
| Suspense/funds applied to delinquent amount | |
| Funds held in suspense | |
| Total arrearage | $_____ |
| Attorney's fees | |
| Total due | $_____ |
| Reinstatement amount | |

NMLS ____

*Notice Regarding Bankruptcy: To the extent your original obligation was discharged in bankruptcy, or is subject to the automatic stay of bankruptcy under Title 11 of the United States Code, please be advised that this letter is in no way an attempt to collect from you either a pre-petition or discharged debt. If your property has in fact been active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a bankruptcy case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally. Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and have been issued an Order of Relief from the Automatic Stay or an Order of Relief has not been issued, you should continue to make payments in accordance with your plan. If the loan has been paid in full or already been reinstated upon, this is not an attempt to collect any additional funds from you.*

Page 1 of 2

377   



Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
Helping Homeowners is What We Do!™

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

/15/2016

Loan Number: 7140257960

Glenda R. Murphy
PO Box 102
Rancho Cucamonga, CA 91739-0402

Property Address: 9681 McKinley St
Rancho Cucamonga, CA 91730-4600

NMLS # 1852

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.

Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!*™

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

Loan Number: 7140257960

## WE WANT YOU TO STAY IN YOUR HOME.

 MAKING HOME AFFORDABLE

**You may be able to make your payments more affordable.**

**Act now to get the help you need!**

Dear Customer,

**Ocwen** has received notice of your Chapter 7 bankruptcy discharge. This letter is not intended and does not constitute an attempt to collect a debt against you personally. We understand that you are still occupying your home. While, because of your discharge, you are no longer personally liable for the repayment of the loan regarding your home, the mortgage lien remains on the property and is still enforceable.

**There is help available** if you are having difficulty making your mortgage loan payments. You may be eligible for the Home Affordable Modification Program, one of the initiatives announced by President Obama to help homeowners.

**As your** mortgage loan servicer, we will work with you in an effort to make your mortgage payments affordable. You will not pay **any fees** to take advantage of this opportunity to modify your mortgage loan payment and keep your property. Now is the time **to act.** We are here to help you.

**Here's how it works.** We will first determine if you are eligible based on your situation. To conduct this evaluation, we need you **to submit** a complete and executed copy of the attached Request Mortgage Assistance (RMA), including all the required documentation.

**If you are eligible**, we will look at your monthly income and housing costs, including any past due payments, and will determine affordable mortgage payment.

**At first**, you will make new, affordable monthly payments on your mortgage loan during a trial period. If you make those payments successfully and fulfill all the period conditions, we will permanently modify your mortgage loan.

**The modification** may involve some, or all, of the following changes to your mortgage loan: 1) Making your loan current; **2) Reducing the interest rate on your loan; 3) Extending the term of the loan; and/or 4)** Delaying your repayment of a portion of the mortgage principal until the end of the loan term.

### STEP 1

To take advantage of this opportunity and the Home Affordable Modification Program, contact us as soon as possible. To help speed the process, it will be helpful if you have the following information when you call:

- Loan number
- Monthly pre-tax income and a list of bills
- Information about any financial hardship you are suffering

**If you do not qualify** for a loan modification under this program, or if you want to stay in your home or keep your rental property, we will work with you to explore other options available to help you keep your property or ease your transition to a new home, if applicable.

NMLS # 1852

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

EGSC.BKM

379 

*2017*   *leave to amend.*

Loan #:
7140257960            Ocwen's pay Ledger

1 | 12. 2017 Payments Refused
2 |
3 | 11. 11-17-17 pd. $1100.00 Pay Returned 89 Days Late.
4 |
5 | 10. 10-31-17 Chase Ck # 531804840 pd. $1270.00
6 |
7 | 9. 9-25-17 Payment $1182.00, 4-29-17 Payment
8 | Ocwen, pd $325.13, 9-11-17 Suspense account pd. $847.
9 | 9-7-17 $ 897.51
  | 8. missing
11 | 7. $1100.00 From Chase bus transaction #(6372468921)
12 |
13 | 6. 6-19-17 pd. $1100.00 Chase Ck #(510052654)
14 |
15 | 5. 5-19-17 $1130.92 · Ocwen ~~$~~ Online
16 |
17 | 4. 4-1-17 pd. $1130.92
18 |
19 | 3. 3-1-17 pd. $ 1136.70
20 |
21 | 2. 2-23-17  $1130.92 pd. on 2-27-17
22 |
23 | 1. 1-9-17 pd. $ 1045.00 to OCwen
24 | 2016
25 | 12. 12-07-16 pd. $1,005.95 on 12-05-16
26 |
27 |
28 | Attached credit Report shows
   | 9-29-06 Ocwen loan pardon full ①
   | zero owed

# CHASE ⬡

*Oct. 2017*

| | |
|---|---|
| **NOTE TO PAYEE** | Thursday, November 30, 2 |

GLENDA R MURPHY
sent you a payment using the Chase.com online service.
Please review these details:

**Payment amount:** $1270.00
**Check number:** 531804840
**Payment sent by Chase on:** 10/31/2017
**Expected arrival date:** 11/07/2017

As a courtesy to this customer, please note the date the payment was sent and the expected arrival date. If you received the payment after the expected arrival date, the delay may be due to factors beyond our customer's control (e.g., mail processing if the payment was sent by U.S. Mail).

**PROOF OF PAYMENT**

## Customer Information

| | |
|---|---|
| **Customer name** | GLENDA R MURPHY |
| **Address (line 1)** | PO BOX 402 |
| **Address (line 2)** | |
| **City** | RCH CUCAMONGA |
| **State** | CA |
| **ZIP code** | 91739 |

## Transaction Information

| | |
|---|---|
| **Payee name** | OCWEN LOAN SERVICING |
| **Payee account number** | 7140257960 |
| **Payment amount** | 1270.0000 |
| **Send On date** | 10/31/2017 |
| **Expected arrival date** | 11/07/2017 |
| **Check number** | 531804840 |

## Originator Information

| | |
|---|---|
| **Originator name** | MMS |
| **Transaction ID** | 6629671452 |

*401 | 35*

This proof of payment is evidence that the customer has initiated the payment described above
© 2009 JPMorgan Chase & Co.



# CHASE

## <u>Terms and Conditions (Remitter and Payee):</u>

* Please keep this copy for your record of the transaction
* The laws of a specific state will consider these funds to be "abandoned" if the Cashier's Check is not cashed by a certain time
  - Please cash/deposit this Cashier's Check as soon as possible to prevent this from occurring
  - In most cases, the funds will be considered "abandoned" before the "Void After" Date
* Placing a Stop Payment on a Cashier's Check
  - Stop Payment can only be placed if the Cashier's Check is lost, stolen, or destroyed
  - We may not re-issue or refund the funds after the stop payment has been placed until 90 days after the original check was issued
* Please visit a Chase branch to report a lost, stolen, or destroyed Cashier's Check or for any other information about this item

FOR YOUR PROTECTION SAVE THIS COPY
## CASHIER'S CHECK

Customer Copy
9569213614

**Remitter:**  GLENDA R MURPHY

09/25/2017
Void after 7 years

**Pay To The Order Of:**  OCWEN LOAN SERVICING LLC

$** 1,182.00 **

Memo:

Note: For information only. Comment has no effect on bank's payment.

Drawer: **JPMORGAN CHASE BANK, N.A.**
## NON NEGOTIABLE



(2 unread) - grcm49@yahoo.com - Yahoo Mail

Find messages, documents, photos or people

← Back  ↑  ⬆  ↓  📁 Archive  ➡ Move  🗑 Delete  ✖ Spam

*Handwritten:* Sent in Aug. RCVD on Sept?

## Loan Payment Received

**correspondence@ocwen.com**
**To:** Grcm49@Yahoo.Com

Yahoo/Inbox

Sep 14, 2017 at 10:13 AM



September 14, 2017

Loan Number: 7140257960
Property Address: 9965 McKinley St
Rancho Cucamonga, CA 91730-4600

*Handwritten:* $897.51

Dear Glenda R Murphy:

OCWEN received a payment on 09/07/2017 for the amount of $897.51.

Sincerely,

OCWEN
P.O. Box 24737
West Palm Beach, FL 33416-4737
(Do not send correspondence or payments to the above address.)

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active*

*Handwritten (bottom):* See attached
Suggested Received payment
$897.51
Sept 14, 2017

**Folders**
Inbox
Unread
Starred
Drafts
Sent
Archive
Spam
Trash
Less

**Views**
Photos
Documents
Travel
Coupons
Tutorials

Give feedback

**OCWEN LOAN SERVICING LLC**
ESCROW DISBURSEMENT ACCOUNT
1661 WORTHINGTON ROAD - SUITE 100
WEST PALM BEACH, FL 33409
1-800-74-OCWEN

JPMORGAN CHASE BANK, N.A.
Dallas, TX
88-88/1113

NO. 06055967

PAY *Eight hundred ninety seven dollars and 51/100*

| DATE | AMOUNT |
| --- | --- |
| 09/12/2017 | $897.51 |

TO
THE
ORDER
OF

**Glenda R Murphy** , ,
PO Box 402
Rancho Cucamonga CA, 91739-0402

VOID AFTER 180 DAYS

CHECK VOID IF AMOUNT

AUTHORIZED SIGNATURE

⑈06055967⑈ ⑆111300880⑆ 6300088304⑈

# CHASE ⬡

*Sent 7-17-17*

**NOTE TO PAYEE**

Thursday, November 30, 2017

GLENDA R MURPHY
sent you a payment using the Chase.com online service.
Please review these details:

*Payment $1100 —*

**Payment amount:** $1100.00
**Check number:** 514762456
**Payment sent by Chase on:** 07/17/2017
**Expected arrival date:** 07/24/2017

As a courtesy to this customer, please note the date the payment was sent and the expected arrival date. If you received the payment after the expected arrival date, the delay may be due to factors beyond our customer's control (e.g., mail processing if the payment was sent by U.S. Mail).

**PROOF OF PAYMENT**

### Customer Information

| | |
|---|---|
| **Customer name** | GLENDA R MURPHY |
| **Address (line 1)** | PO BOX 402 |
| **Address (line 2)** | |
| **City** | RCH CUCAMONGA |
| **State** | CA |
| **ZIP code** | 91739 |

### Transaction Information

| | |
|---|---|
| **Payee name** | ocwen loan servicing |
| **Payee account number** | 7140257960 |
| **Payment amount** | 1100.0000 |
| **Send On date** | 07/17/2017 |
| **Expected arrival date** | 07/24/2017 |
| **Check number** | 514762456 |





### Originator Information

| | |
|---|---|
| **Originator name** | MMS |
| **Transaction ID** | 6372968921 |

*405*   *Ⓧ 39*

This proof of payment is evidence that the customer has initiated the payment described above
© 2009 JPMorgan Chase & Co.

Payment Activity chase.com

*Seven 6-17*

| Jun 28, 2017 | Jul 6, 2017 | Paid | J.M.Pool Service ><br>(ourt) | $100.0 |
| Jun 28, 2017 | Jul 6, 2017 | Paid | layaway for mommie ><br>(rphy) | $10.0 |
| Jun 28, 2017 | Jun 29, 2017 | Paid | car insurance ><br>(5784) | $71.0 |
| Jun 28, 2017 | Jul 6, 2017 | Paid | Murphy Car Account ><br>( One) | $200.0 |
| Jun 28, 2017 | Jun 30, 2017 | Paid | select portfolio svc/chase ><br>(2124) | $1,867.00 |
| Jun 19, 2017 | Jun 26, 2017 | Paid | glenda murphy to john logan ><br>(0641) | $84.00 |
| Jun 19, 2017 | Jun 20, 2017 | Paid | charter comm.5812 san sevaine ><br>(9754) | $200.00 |
| Jun 19, 2017 | Jun 26, 2017 | Paid | ocwen ><br>(7960) | $1,100.00 |
| May 22, 2017 | May 30, 2017 | Paid | Murphy Car Account ><br>( One) | $200.00 |
| May 19, 2017 | May 26, 2017 | Paid | glenda murphy to john logan ><br>(0641) | $100.00 |
| May 1, 2017 | May 8, 2017 | Paid | layaway for mommie ><br>(rphy) | $10.00 |
| May 1, 2017 | May 8, 2017 | Paid | edward w.hess jr ><br>(3582) | $200.00 |
| May 1, 2017 | May 8, 2017 | Paid | 800258 ><br>(2124) | $366.00 |
| May 1, 2017 | May 8, 2017 | Paid | J.M.Pool Service ><br>(ourt) | $100.00 |
| Apr 28, 2017 | May 5, 2017 | Paid | 800258 ><br>(2124) | $1,500.00 |
| Apr 24, 2017 | Apr 25, 2017 | Paid | gas comp. 5812 san sevaine ><br>(0513) | $64.00 |
| Apr 10, 2017 | | Canceled | car insurance ><br>(5784) | $60.00 |

https://mail.yahoo.com/d/folders/1/messages/10580

(2 unread) - grcm49@yahoo.com - Yahoo Mail

Find messages, documents, photos or people

Give feedback

| Inbox | 2 |
| Unread | |
| Starred | |
| Drafts | 139 |
| Sent | |
| Archive | |
| Spam | |
| Trash | |
| Less | |

Views · Hide

Photos
Documents
Travel
Coupons
Tutorials

Folders · Show

← Back  ↑  ↑  ↓  📁 Archive   🡢 Move  🗑 Delete  ❌ Spam

Loan Payment Received



**correspondence@ocwen.com**
**To:** Grcm49@Yahoo.Com

📧   May 24, 2017 at 1:00 PM

Yahoo/Inbox



May 24, 2017

Loan Number:   714025796О
Property Address:9965 McKinley St
                Rancho Cucamonga, CA 91730-4600

Dear Glenda R Murphy:

OCWEN received a payment on 05/19/2017 for the amount of
$1,130.92.

Sincerely,

OCWEN
P.O. Box 24737
West Palm Beach, FL 33416-4737
(Do not send correspondence or payments to the above address.)

*This communication is from a debt collector attempting to collect a*
*debt;any information obtained*
*will be used for that purpose. However, if the debt is in active*



owen  🔍
correspondence@ocwen.com

Missing
march
april

408